## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., et al.[1] | ) | Case No. 11-34845 (ERW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### FOURTH ORDER AMENDING THAT CERTAIN FINAL ORDER AUTHORIZING DEBTOR TO: (A) USE CASH COLLATERAL; AND (B) GRANT CERTAIN LIENS AND PROVIDE SECURITY AND OTHER RELIEF TO BMO HARRIS BANK N.A.

This matter came before the Court on hearing on the motion (the "Motion") of RWJ Management Co. Inc. and its debtor affiliates (collectively, "Debtors"), requesting that this Court enter orders authorizing Debtors to (a) use cash collateral on an emergency and final basis, and (b) grant adequate protection and other relief to BMO Harris Bank N.A., a national banking association ("Lender") and the request of the parties for the entry of an order authorizing the Debtors' continued use of cash collateral as set forth herein. The Court granted the Motion, in part, by entering that certain Final Order Authorizing Debtors To: (A) Use Cash Collateral; And (B) Grant Adequate Protection And Other Relief To BMO Harris Bank N.A. on October 24, 2011 [docket number 182], which was subsequently amended by the Orders of November 30, 2011 [docket number 214], of December 1, 2011 [docket number 216] and of January 5, 2012 [docket number 246] (as so amended, the "Final Cash Collateral Order"). Notice of the continued hearing on the Motion and entry of this Order was sufficient under the circumstances, and, unless otherwise indicated, all capitalized terms used herein have the meanings ascribed thereto in the Final Cash Collateral Order and by this reference are made a part hereof.

---

[1] The Debtors in these chapter 11 cases are: RWJ Crestwood, LLC, RWJ Downers Grove, LLC, RWJ Elmhurst, LLC, RWJ Forestview, LLC, RWJ Glen Ellyn, LLC, RWJ Management Co., Inc., RWJ Management Co. II, Inc., RWJ Munster, LLC, RWJ Plainfield, LLC, RWJ Romeoville, LLC, RWJ Wauconda, LLC, and RWJ Yorkville, LLC.

92913

Having considered the Motion and the record in this Case, and having heard the statements of counsel in the premises, **IT IS HEREBY ORDERED THAT:**

1. Effective upon entry of this Order, the Final Cash Collateral Order is hereby amended, and Lender and Debtors hereby agree, as follows:

   a) The Budget is hereby supplemented for the period of January 10, 2012 through and including February 9, 2012 as described on Exhibit 1 to this Order.

   b) Subsection (i) of Paragraph 2(a) of the Final Cash Collateral Order is hereby deleted and the following is inserted in place thereof:

   "(i) on or before Thursday, October 27, 2011, $150,000 of Cash Collateral, provided that the Termination Date has not occurred prior thereto, on or before December 2, 2011, $150,000 of additional Cash Collateral, provided that the Termination Date has not occurred prior thereto, on or before January 31, 2012, $100,000 of additional Cash Collateral, unless Lender agrees to waive this payment;"

   c) The date "January 9, 2012" in the definition of Termination Date in Section 33(c) of Exhibit A of the Final Cash Collateral Order is hereby replaced with the date "February 9, 2012".

2. On or before January 13, 2012, Debtors shall provide Lender and the Committee of unsecured creditors a detailed, written summary of Debtors' proposed plan of reorganization. On or before January 27, 2012, Debtors shall provide Lender a draft plan of reorganization. Unless waived or amended by Lender in advance in writing, an Event of Default under the Final Cash Collateral Order shall occur if Debtors fail to timely satisfy the terms of this Paragraph 2.

3. On such terms as Debtors and Lender may agree in writing, Debtors, for themselves and their respective estates, are hereby authorized to consent to negotiations (written and oral) between Lender, on the one hand, and such other entities as Lender deems appropriate or necessary, on the other hand, from time to time regarding Lender's rights, claims, and interests in these Cases (including, without limitation, as the same may be related or affected by certain plans, sales, and other proceedings or transactions involving the Debtors and the

Aggregate Collateral); <u>provided, however,</u> that the foregoing shall not be deemed to waive, amend, or otherwise affect any of the Debtors' rights and claims arising from any disclosures by Lender or any other party of Debtors' confidential or proprietary information in connection therewith. The automatic stay is modified solely to the extent necessary to permit the foregoing agreement and allow Lender to have the aforementioned discussions and negotiations.

4. Debtors and Lender acknowledge and agree, and the Court finds, that all of Lender's and the Debtors' existing rights under and with respect to the Final Cash Collateral Order (including, without limitation, any such rights which may have arisen as a result of existing Events of Default) are reserved and preserved notwithstanding the entry of this Order.

5. Except as expressly set forth herein, the terms, provisions, and conditions of the Final Cash Collateral Order are not altered and remain in full force and effect.

6. The terms of this Order were negotiated in good faith and at arms' length.

7. If any or all of the provisions of this Order or the Final Cash Collateral Order are hereafter modified, vacated or stayed by subsequent order of this Court or any other court, such subsequent order shall not affect the priority, validity, enforceability or effectiveness of any lien, security interest, priority, adequate protection or other benefit authorized hereby with respect to any Cash Collateral used prior to the effective date of such subsequent order, and all such liens, security interests, priorities, adequate protection and other benefits shall be governed in all respects by the provisions of the Final Cash Collateral Order, as amended hereby.

8. Further hearing on the Motion shall be held at 10:00 a.m. on February 1, 2012.

DATED: January 9, 2012

                                                                                                  _____
                                                                                                  Honorable Eugene R. Wedoff
                                                                                                  United States Bankruptcy Judge

## EXHIBIT 1

(See attached)

# RWJ Management Companies, Inc. Cash Flow Forecast
## Debtor In Possession
### Week Ended Thursday

| | Budget - Previously Submitted 4 Days 1/6/2012 1/9/2012 | Budget 3 days 1/10/2012 1/12/2012 | 1 Budget Total 1/6/2012 1/12/2012 | 2 Budget Total 1/13/2012 1/19/2012 | 3 Budget Total 1/20/2012 1/26/2012 | 4 Budget Total 1/27/2012 2/2/2012 | 5 Budget Total 2/3/2012 2/9/2012 | 1-5 5 Week Budget Total |
|---|---|---|---|---|---|---|---|---|
| Projected Beginning Cash, Baytree [3] | $ 342,900.00 | $ 257,100.00 | $ 600,000.00 | $ 876,984.00 | $ 804,201.00 | $ 678,828.00 | $ 661,045.00 | $ 950,967.00 |
| Total Cash Receipts | | $ 12,000.00 | $ 600,000.00 | $ 600,000.00 | $ 600,000.00 | $ 600,000.00 | $ 600,000.00 | $ 3,000,000.00 |
| Fuel Credits, Rebates/Coupons | | | $ 12,000.00 | $ 12,000.00 | $ 12,000.00 | $ 12,000.00 | $ 12,000.00 | $ 60,000.00 |
| **Operating Disbursements** | | | | | | | | |
| Accounting | $ 1,500.00 | | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 7,500.00 |
| Auto Expense | $ 1,400.00 | $ 1,000.00 | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 12,000.00 |
| AM/PM Advertising and Royalties [1] | | | $ 35,000.00 | | | | | $ 35,000.00 |
| Bank Fees | $ 300.00 | $ 200.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 2,500.00 |
| ampMark BP AM/PM Required Food | $ 19,000.00 | | $ 19,000.00 | $ 19,000.00 | $ 19,000.00 | $ 19,000.00 | $ 19,000.00 | $ 95,000.00 |
| Cost of Goods for Retail Sales | $ 22,900.00 | $ 15,100.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 190,000.00 |
| Tech Beer and Wine Postpetition | $ 7,700.00 | $ 5,300.00 | $ 13,000.00 | $ 13,000.00 | $ 13,000.00 | $ 13,000.00 | $ 13,000.00 | $ 65,000.00 |
| Cards | | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 20,000.00 |
| | $ 2,300.00 | $ 1,700.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 20,000.00 |
| Lydia Armored Car Postpetition | | | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 5,000.00 |
| Mgt. Health Insurance | $ 1,700.00 | | $ 1,700.00 | $ 1,700.00 | | | $ 1,651.00 | $ 3,351.00 |
| Added Gross Payroll | | $ 13,500.00 | $ 13,500.00 | $ 13,500.00 | $ 13,500.00 | $ 13,500.00 | $ 13,500.00 | $ 67,500.00 |
| | | $ 21,000.00 | $ 21,000.00 | | | | $ 21,000.00 | $ 42,000.00 |
| Garbage | $ 300.00 | $ 200.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 2,500.00 |
| License/Permits | | | | | | | | |
| Jobber Net Fuel | $ 105,700.00 | $ 79,300.00 | $ 185,000.00 | $ 185,000.00 | $ 185,000.00 | $ 185,000.00 | $ 185,000.00 | $ 925,000.00 |
| Lube Postpetition | | | | | | | | |
| Electric | $ 19,400.00 | $ 14,600.00 | $ 34,000.00 | $ 34,000.00 | $ 34,000.00 | $ 34,000.00 | $ 34,000.00 | $ 170,000.00 |
| Lottery Winning Payouts | $ 16,600.00 | $ 12,400.00 | $ 29,000.00 | $ 29,000.00 | $ 29,000.00 | $ 29,000.00 | $ 29,000.00 | $ 145,000.00 |
| | $ 900.00 | $ 600.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 7,500.00 |
| Postage/Office Supplies | | | | | | | $ 43,250.00 | $ 43,250.00 |
| Rent Expense | | | | | $ 35,340.00 | | | $ 35,340.00 |
| Retails and Maintenance | $ 4,400.00 | $ 3,350.00 | $ 7,750.00 | $ 7,750.00 | $ 7,750.00 | $ 7,750.00 | $ 7,750.00 | $ 38,750.00 |
| Retail Taxes Postpetition | | $ 40,000.00 | $ 40,000.00 | $ 60,000.00 | $ 40,000.00 | $ 40,000.00 | $ 40,000.00 | $ 220,000.00 |
| BP Approved Grocery and Tobacco | $ 115,000.00 | | $ 115,000.00 | $ 115,000.00 | $ 115,000.00 | $ 115,000.00 | $ 115,000.00 | $ 575,000.00 |
| Operating Expense | $ 2,300.00 | $ 1,700.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 20,000.00 |
| Total Gross Payroll Postpetition | $ 45,000.00 | | $ 45,000.00 | $ 45,000.00 | $ 45,000.00 | $ 45,000.00 | $ 45,000.00 | $ 225,000.00 |
| Utility | $ 5,700.00 | $ 4,300.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 50,000.00 |
| Trust Fees | | | | | | | | $ 7,500.00 |
| Escrow for Real Estate Taxes - Debtor Owned Properties | $ 1,400.00 | $ 400.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 1,800.00 | $ 9,000.00 |
| **CATCH ALL EXPENSES** | - | - | - | - | - | - | - | - |
| Total Expenses | $ 373,500.00 | $ 215,650.00 | $ 589,150.00 | $ 621,450.00 | $ 674,040.00 | $ 566,450.00 | $ 589,101.00 | $ 3,040,191.00 |
| EBITDA | $ (30,600.00) | $ 53,450.00 | $ 22,850.00 | $ (9,450.00) | $ (62,040.00) | $ 45,550.00 | $ 22,899.00 | $ 19,809.00 |
| Ending Cash [2] | $ (30,600.00) | $ 53,450.00 | $ 973,817.00 | $ 867,534.00 | $ 742,161.00 | $ 724,378.00 | $ 683,944.00 | $ 970,776.00 |
| **Legal and Professional Fees** | | | | | | | | |
| Debtor's Counsel | | $ 33,500.00 | $ 33,500.00 | $ 40,000.00 | $ 40,000.00 | $ 40,000.00 | $ 40,000.00 | $ 193,500.00 |
| Debtor's Financial Advisor | | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 50,000.00 |
| Creditor's Committee Counsel | | $ 13,333.00 | $ 13,333.00 | $ 13,333.00 | $ 13,333.00 | $ 13,333.00 | $ 13,333.00 | $ 66,665.00 |
| Creditor's Committee Financial Advisor | | | | | | | | |
| Litigation Counsel | | $ 40,000.00 | $ 40,000.00 | | | | | $ 40,000.00 |
| Ending Cash | | $ 876,984.00 | $ 876,984.00 | $ 804,201.00 | $ 678,828.00 | $ 661,045.00 | $ 620,611.00 | $ 620,611.00 |

[1] = All royalty fees subject to disposition resolution in connection with the BP Litigation.
Cash projections will vary due to prices as much as 10% in each week as well as corresponding Jobber net fuel

[2] = This line item does not reflect accrued, but unpaid expenses previously approved in prior budget periods, but which may be paid as applicable during this budget period.

[3] Beginning cash is based on the previous budget through 1/5 updated with the actual cash balance as of December 29, 2011.

1