UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., et al.[1] | ) | Case No. 11-34845 (ERW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

SIXTH ORDER AMENDING THAT CERTAIN FINAL ORDER AUTHORIZING DEBTOR TO: (A) USE CASH COLLATERAL; AND (B) GRANT CERTAIN LIENS AND PROVIDE SECURITY AND OTHER RELIEF TO BMO HARRIS BANK N.A.

This matter came before the Court on hearing on the motion (the "Motion") of RWJ Management Co. Inc. and its debtor affiliates (collectively, "Debtors"), requesting that this Court enter orders authorizing Debtors to (a) use cash collateral on an emergency and final basis, and (b) grant adequate protection and other relief to BMO Harris Bank N.A., a national banking association ("Lender") and the request of the parties for the entry of an order authorizing the Debtors' continued use of cash collateral as set forth herein. The Court granted the Motion, in part, by entering that certain Final Order Authorizing Debtors To: (A) Use Cash Collateral; And (B) Grant Adequate Protection And Other Relief To BMO Harris Bank N.A. on October 24, 2011 [docket number 182], which was subsequently amended by the Orders of November 30, 2011 [docket number 214], of December 1, 2011 [docket number 216], of January 5, 2012 [docket number 246], of January 9, 2012 [docket number 265], and of February 8, 2012 [docket number 301] (as so amended, the "Final Cash Collateral Order"). Notice of the continued hearing on the Motion and entry of this Order was sufficient under the circumstances, and, unless

---

[1] The Debtors in these chapter 11 cases are: RWJ Crestwood, LLC, RWJ Downers Grove, LLC, RWJ Elmhurst, LLC, RWJ Forestview, LLC, RWJ Glen Ellyn, LLC, RWJ Management Co., Inc., RWJ Management Co. II, Inc., RWJ Munster, LLC, RWJ Plainfield, LLC, RWJ Romeoville, LLC, RWJ Wauconda, LLC, and RWJ Yorkville, LLC.
93141

otherwise indicated, all capitalized terms used herein have the meanings ascribed thereto in the Final Cash Collateral Order and by this reference are made a part hereof.

Having considered the Motion and the record in this Case, and having heard the statements of counsel in the premises, **IT IS HEREBY ORDERED THAT:**

1. Effective upon entry of this Order, the Final Cash Collateral Order is hereby amended, and Lender and Debtors hereby agree, as follows:

    a) The Budget is hereby supplemented for the period of February 24, 2012 through and including March 8, 2012 as described on Exhibit 1 to this Order.

    b) The date "February 23, 2012" in the definition of Termination Date in Section 33(c) of Exhibit A of the Final Cash Collateral Order is hereby replaced with the date "March 8, 2012".

    c) Paragraph 4(h) of the Final Cash Collateral Order is hereby amended and restated as follows:

    (h) <u>Prohibition Against Other Use of Cash Collateral and Incurrence of Postpetition Debt</u>. Effective at all times during the Cases, Debtors will not be permitted to use or seek to use Cash Collateral except as permitted hereby, and will not be permitted to incur or seek to incur debt secured by a lien which is equal to or superior to the Prepetition Liens or Replacement Liens or which is given superpriority administrative expense status under Code § 364(c)(1), unless, in addition to the satisfaction of all requirements of Code §§ 363 or 364: (i) Lender has consented to the same; (ii) at the time of the entry of an order approving the same, the Prepetition Debt has been fully and finally repaid in cash; or (iii) such Cash Collateral or proceeds of postpetition debt are first used to immediately repay the Prepetition Debt fully and finally in cash.

2. Debtors shall: (i) on or before the close of business on February 27, 2012, deliver to Lender copies of all monthly Franchise Statements for each of their operating locations for calendar year 2010 (whether or not previously provided); and (ii) with twenty-four (24) hours notice, make available to Lender and its representatives, during normal business hours, their

daily reports evidencing, among other things, the number of gallons of fuel inventory (by fuel grade) sold at each of Debtors' operating locations during calendar years 2010 and 2011.

3. Without limiting but in addition to its rights under the Prepetition Loan Documents and otherwise, Lender is hereby permitted to provide information regarding Debtors, RWJ Enterprises, Inc., the Aggregate Collateral, and Debtors' operations to interested parties regarding potential strategic transactions with Lender and/or Debtors, and the automatic stay is modified solely to the extent necessary to permit the same; provided that Lender shall (a) require any such interested parties to first execute and deliver a confidentiality agreement substantially in the form agreed upon by Lender and Debtors prior to entry of this Order, and (b) provide Debtors and Committee with copies of any such agreements concurrently upon their execution. and, promptly upon request, provide Debtors and Committee a written summary of what information has been so provided.

4. Debtors and Lender acknowledge and agree, and the Court finds, that all of Lender's and the Debtors' existing rights under and with respect to the Final Cash Collateral Order (including, without limitation, any such rights which may have arisen as a result of existing Events of Default) are reserved and preserved notwithstanding the entry of this Order.

5. Except as expressly set forth herein, the terms, provisions, and conditions of the Final Cash Collateral Order are not altered and remain in full force and effect.

6. The terms of this Order were negotiated in good faith and at arms' length.

7. If any or all of the provisions of this Order or the Final Cash Collateral Order are hereafter modified, vacated or stayed by subsequent order of this Court or any other court, such subsequent order shall not affect the priority, validity, enforceability or effectiveness of any lien, security interest, priority, adequate protection or other benefit authorized hereby with respect to any Cash Collateral used prior to the effective date of such subsequent order, and all

such liens, security interests, priorities, adequate protection and other benefits shall be governed in all respects by the provisions of the Final Cash Collateral Order, as amended hereby.

8. Further status on the Motion shall be held at 10:00 a.m. on March 7, 2012.

DATED: February 21, 2012

_____
Honorable Eugene R. Wedoff
United States Bankruptcy Judge

## EXHIBIT 1

(See attached)

Case 11-34845 Doc 308 Filed 02/21/12 Entered 02/22/12 09:29:57 Desc Main Document Page 5 of 6

Debtor In Possession
RWJ Management Companies, Inc. Cash Flow Forecast

| Week Ended Thursday | #REF! Budget Total 2/24/2012 3/1/2012 | #REF! Budget Total 3/2/2012 3/8/2012 | 1 - 5 Budget 2 Week Total |
|---|---:|---:|---:|
| Projected Beginning Cash, Baytree | $ 964,529.96 | $ 908,005.96 | $ 1,872,535.92 |
| Total Cash Receipts | $ 540,000.00 | $ 540,000.00 | $ 1,080,000.00 |
| ACH Credits, Rebates/Coupons | $ 12,000.00 | $ 12,000.00 | $ 24,000.00 |
| | | | |
| Operating Disbursements | | | |
| Accounting | $ 1,500.00 | $ 1,500.00 | $ 3,000.00 |
| Auto Expense | $ 2,000.00 | $ 2,000.00 | $ 4,000.00 |
| BP AMPM Advertising and Royalties [1] | $ - | $ - | $ - |
| Bank Fees | $ 500.00 | $ 500.00 | $ 1,000.00 |
| CoreMark BP AMPM Required Food | $ 19,000.00 | $ 19,000.00 | $ 38,000.00 |
| Cost of Goods for Retail Sales | $ 32,000.00 | $ 32,000.00 | $ 64,000.00 |
| Fintech Beer and Wine Postpetition | $ 10,000.00 | $ 10,000.00 | $ 20,000.00 |
| Gift Cards | $ - | $ - | $ - |
| Guarda Armored Car Postpetition | $ 1,000.00 | $ 1,000.00 | $ 2,000.00 |
| Insider Health Insurance | $ 1,651.00 | $ - | $ 1,651.00 |
| Insider Gross Payroll | $ 13,500.00 | $ 13,500.00 | $ 27,000.00 |
| Insurance | $ - | $ 21,000.00 | $ 21,000.00 |
| License/Permits | $ 500.00 | $ 500.00 | $ 1,000.00 |
| Jobber Net Fuel | $ 160,000.00 | $ 160,000.00 | $ 320,000.00 |
| Lottery Postpetition | $ 34,000.00 | $ 34,000.00 | $ 68,000.00 |
| Lottery Winning Payouts | $ 29,000.00 | $ 29,000.00 | $ 58,000.00 |
| Postage/Office Supplies | $ 1,400.00 | $ 1,400.00 | $ 2,800.00 |
| Rent Expense | $ 35,340.00 | $ - | $ 35,340.00 |
| Repairs and Maintenance | $ 7,750.00 | $ 7,750.00 | $ 15,500.00 |
| Sales Taxes Postpetiton | $ 40,000.00 | $ 40,000.00 | $ 80,000.00 |
| SAS BP Approved Grocery and Tobacco | $ 115,000.00 | $ 115,000.00 | $ 230,000.00 |
| Store Operating Expense | $ 4,000.00 | $ 4,000.00 | $ 8,000.00 |
| Trash Waste Management | $ 1,750.00 | $ 1,750.00 | $ 3,500.00 |
| Total Gross Payroll Postpetition | $ 45,000.00 | $ 45,000.00 | $ 90,000.00 |
| Utilities | $ 9,500.00 | $ 9,500.00 | $ 19,000.00 |
| Trustee Fees | | $ - | $ - |
| Reserve for Real Estate Taxes - Debtor Owned Properties | | $ 29,000.00 | $ 29,000.00 |
| CATCH ALL EXPENSES | $ 1,600.00 | $ 1,600.00 | $ 3,200.00 |
| | | | |
| Total Expenses | $ 565,991.00 | $ 579,000.00 | $ 1,144,991.00 |
| | | | |
| EBITDA | $ (13,991.00) | $ (27,000.00) | $ (40,991.00) |
| | | | |
| Ending Cash [2] | $ 950,538.96 | $ 881,005.96 | $ 901,805.96 |
| | | | |
| Legal and Professional Fees | | | |
| Debtor's Counsel | $ 5,000.00 | $ 5,000.00 | $ 10,000.00 |
| Debtor's Financial Advisor | $ - | $ - | $ - |
| Creditor's Committee Counsel | $ 5,000.00 | $ 5,000.00 | $ 10,000.00 |
| Creditor's Committee Financial Advisor | $ - | $ - | $ - |
| Litigation Counsel | $ - | $ - | $ - |
| | | | |
| Ending Cash | $ 940,538.96 | $ 871,005.96 | $ 838,472.96 |

Cash projections will vary due to prices as much as 10% in each week as well as corresponding jobber net fuel

[1] = All royalty fees subject to disposition resolution in connection with the BP Litigation.

[2] = This Line Item does not reflect accrued, but unpaid expenses previously approved in prior budget periods, but which may be pai