UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., et al.[1] | ) | Case No. 11-34845 (ERW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## SIXTEENTH ORDER AMENDING THAT CERTAIN FINAL ORDER AUTHORIZING DEBTOR TO: (A) USE CASH COLLATERAL; AND (B) GRANT CERTAIN LIENS AND PROVIDE SECURITY AND OTHER RELIEF TO BMO HARRIS BANK N.A.

This matter came before the Court on hearing on the motion (the "Motion") of RWJ Management Co. Inc. and its debtor affiliates (collectively, "Debtors"), requesting that this Court enter orders authorizing Debtors to (a) use cash collateral on an emergency and final basis, and (b) grant adequate protection and other relief to BMO Harris Bank N.A., a national banking association ("Lender") and the request of the parties for the entry of an order authorizing the Debtors' continued use of cash collateral as set forth herein. The Court granted the Motion, in part, by entering that certain Final Order Authorizing Debtors To: (A) Use Cash Collateral; And (B) Grant Adequate Protection And Other Relief To BMO Harris Bank N.A. on October 24, 2011 [docket number 182], which has been previously amended from time to time (as so amended, the "Final Cash Collateral Order"). Notice of the continued hearing on the Motion and entry of this Order was sufficient under the circumstances, and, unless otherwise indicated, all capitalized terms used herein have the meanings ascribed thereto in the Final Cash Collateral Order and by this reference are made a part hereof.

---

[1] The Debtors in these chapter 11 cases are: RWJ Crestwood, LLC, RWJ Downers Grove, LLC, RWJ Elmhurst, LLC, RWJ Forestview, LLC, RWJ Glen Ellyn, LLC, RWJ Management Co., Inc., RWJ Management Co. II, Inc., RWJ Munster, LLC, RWJ Plainfield, LLC, RWJ Romeoville, LLC, RWJ Wauconda, LLC, and RWJ Yorkville, LLC.
93141

Having considered the Motion and the record in this Case, and having heard the statements of counsel in the premises, **IT IS HEREBY ORDERED THAT:**

1. The Budget for the period of July 21, 2012, through and including August 10, 2012, shall be as described on Exhibit 1 to this Order.

2. The date "July 20, 2012" in the definition of Termination Date in Section 33(c) of Exhibit A of the Final Cash Collateral Order is hereby replaced with the date "August 10, 2012."

3. Lender consents to and supports Debtors' retention of Matrix Private Equities, Inc. ("Matrix") on the terms set forth in Matrix' Financial Services Agreement attached as Exhibit A to Debtors' Application for an Order Authorizing Employment and Retention of Matrix [**docket number 438**]. Matrix shall be deemed to constitute a Carveout Professional upon entry of this Order, and the amount and terms of any Carveout for Matrix shall be subject to the terms of Paragraph 3 of the Final Cash Collateral Order.

4. As further adequate protection of Lender's interests under the circumstances, Debtors agree and the Court orders that:

   a. At all times through the Termination Date, unless Lender otherwise agrees in writing, Debtors shall operate their businesses in the ordinary course and in accordance with the Final Cash Collateral Order, until such time as the Court may rule upon any motion brought by the Debtors under Code § 1112, notwithstanding the filing, solicitation, or confirmation of a plan of reorganization or liquidation that Lender proposes or otherwise supports; provided, that, the foregoing shall in no event be deemed to waive or otherwise prejudice Debtors' rights to seek to convert or dismiss the Cases (or Lender's right to object to the same) or the Court to grant such relief, if appropriate; and

      b.    An Event of Default shall occur if Debtors file a motion to convert or dismiss these Cases at any time without Lender's prior written consent.

    5.    Debtors acknowledge and agree, and the Court finds, that Events of Default have occurred and continue, and all of Lender's rights and remedies on account thereof are reserved and preserved notwithstanding the entry of this Order.

    6.    Except as expressly set forth herein, the terms, provisions, and conditions of the Final Cash Collateral Order and all other orders of this Court are not altered and remain in full force and effect.

    7.    The terms of this Order were negotiated in good faith and at arms' length.

    8.    If any or all of the provisions of this Order or the Final Cash Collateral Order are hereafter modified, vacated or stayed by subsequent order of this Court or any other court, such subsequent order shall not affect the priority, validity, enforceability or effectiveness of any lien, security interest, priority, adequate protection or other benefit authorized hereby with respect to any Cash Collateral used prior to the effective date of such subsequent order, and all such liens, security interests, priorities, adequate protection and other benefits shall be governed in all respects by the provisions of the Final Cash Collateral Order, as amended hereby.

    9.    Further status on the Motion shall be held at 10:00 a.m. on August 8, 2012.

DATED: July ___, 2012

                              _____
                              Honorable Eugene R. Wedoff
                              United States Bankruptcy Judge

## EXHIBIT 1

(See attached)

*Debtor In Possession*
*RW/ Management Companies, Inc. Cash Flow Forecast*

| Week Ended Friday | 7/21/2012 7/27/2012 | 7/28/2012 8/3/2012 | 8/4/2012 8/10/2012 |
|---|---|---|---|
| Projected Beginning Cash, Baytree (1) | $743,857.00 | $669,757.00 | $685,606.00 |
| Total Cash Receipts | $ 605,000.00 | $ 605,000.00 | $ 605,000.00 |
| ACH Credits, Rebates/Coupons | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 |
|  | $ 1,356,357.00 | $ 1,282,257.00 | $ 1,298,106.00 |
| **Operating Disbursements** |  |  |  |
| Accounting | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 |
| Auto Expense | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| BP AMPM Advertising and Royalties | $ - | $ - | $ - |
| Bank Fees | $ 500.00 | $ 500.00 | $ 500.00 |
| Food for Café | $ 19,000.00 | $ 19,000.00 | $ 19,000.00 |
| Cost of Goods for Retail Sales | $ 32,000.00 | $ 32,000.00 | $ 32,000.00 |
| Fintech Beer and Wine Postpetition | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| Gift Cards | $ - | $ - | $ - |
| Guarda Armored Car Postpetition | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Insider Health Insurance |  | $ 1,651.00 |  |
| Insider Gross Payroll | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |
| Insurance | $ 21,000.00 |  | $ - |
| License/Permits | $ 500.00 | $ 500.00 | $ 500.00 |
| Jobber Net Fuel | $ 185,000.00 | $ 185,000.00 | $ 185,000.00 |
| Lottery Postpetition | $ 34,000.00 | $ 34,000.00 | $ 34,000.00 |
| Lottery Winning Payouts | $ 35,000.00 | $ 35,000.00 | $ 35,000.00 |
| Postage/Office Supplies | $ 1,400.00 | $ 1,400.00 | $ 1,400.00 |
| Rent Expense | $ 34,350.00 |  |  |
| Repairs and Maintenance | $ 7,750.00 | $ 7,750.00 | $ 7,750.00 |
| Sales Taxes Postpetiton | $ 55,000.00 | $ 55,000.00 | $ 55,000.00 |
| SAS BP Approved Grocery and Tobacco | $ 135,000.00 | $ 135,000.00 | $ 135,000.00 |
| Store Operating Expense | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 |
| Trash Waste Management | $ 1,750.00 | $ 1,750.00 | $ 1,750.00 |
| Total Gross Payroll Postpetition | $ 50,000.00 | $ 50,000.00 | $ 50,000.00 |
| Utilities | $ 9,500.00 | $ 9,500.00 | $ 9,500.00 |
| Trustee Fees | $ 36,250.00 |  |  |
| Landscaping | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Real Estate Taxes - Debtor Owned Properties |  |  |  |
| Catch All | $ 1,600.00 | $ 1,600.00 | $ 1,600.00 |
| Total Expenses | $ 686,600.00 | $ 596,651.00 | $ 595,000.00 |
| EBITDA | $ (74,100.00) | $ 15,849.00 | $ 17,500.00 |
| Ending Cash (2) | $ 669,757.00 | $ 685,606.00 | $ 703,106.00 |
| Matrix | $ 50,000.00 |  | $ 10,000.00 |
| Debtor's Counsel | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |
| Debtor's Financial Advisor |  |  |  |
| Creditor's Committee Counsel | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 |
| Creditor's Committee Financial Advisor |  |  |  |
| Ending Cash | $ 612,257.00 | $ 678,106.00 | $ 685,606.00 |

(1) Exclusive of funds in the BMO Carve Out Account
(2) Exclusive of accrued and unpaid carve outs