UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., et al.[1] | ) | Case No. 11-34845 (ERW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## TWENTIETH ORDER AMENDING THAT CERTAIN FINAL ORDER AUTHORIZING DEBTOR TO: (A) USE CASH COLLATERAL; AND (B) GRANT CERTAIN LIENS AND PROVIDE SECURITY AND OTHER RELIEF TO BMO HARRIS BANK N.A.

This matter came before the Court on hearing on the motion (the "Motion") of RWJ Management Co. Inc. and its debtor affiliates (collectively, "Debtors"), requesting that this Court enter orders authorizing Debtors to (a) use cash collateral on an emergency and final basis, and (b) grant adequate protection and other relief to BMO Harris Bank N.A., a national banking association ("Lender") and the request of the parties for the entry of an order authorizing the Debtors' continued use of cash collateral as set forth herein. The Court granted the Motion, in part, by entering that certain Final Order Authorizing Debtors To: (A) Use Cash Collateral; And (B) Grant Adequate Protection And Other Relief To BMO Harris Bank N.A. on October 24, 2011 [docket number 182], which has been previously amended from time to time (as so amended, the "Final Cash Collateral Order"). Notice of the continued hearing on the Motion and entry of this Order was sufficient under the circumstances, and, unless otherwise indicated, all capitalized terms used herein have the meanings ascribed thereto in the Final Cash Collateral Order and by this reference are made a part hereof.

---

[1] The Debtors in these chapter 11 cases are: RWJ Crestwood, LLC, RWJ Downers Grove, LLC, RWJ Elmhurst, LLC, RWJ Forestview, LLC, RWJ Glen Ellyn, LLC, RWJ Management Co., Inc., RWJ Management Co. II, Inc., RWJ Munster, LLC, RWJ Plainfield, LLC, RWJ Romeoville, LLC, RWJ Wauconda, LLC, and RWJ Yorkville, LLC.

93141

Having considered the Motion and the record in this Case, and having heard the statements of counsel in the premises, **IT IS HEREBY ORDERED THAT:**

1. The Budget for the period of October 6, 2012, through and including October 26, 2012, shall be as described on Exhibit 1 to this Order.

2. The date "October 5, 2012" in the definition of Termination Date in Section 33(c) of Exhibit A of the Final Cash Collateral Order is hereby replaced with the date "October 26, 2012".

3. Debtors acknowledge and agree, and the Court finds, that Events of Default have occurred and continue, and all of Lender's rights and remedies on account thereof are reserved and preserved notwithstanding the entry of this Order.

4. In addition to and without limiting the foregoing, an additional Event of Default shall be deemed to have occurred, unless otherwise agreed by Lender if: (a) on or before October 17, 2012, Debtors have failed to obtain entry of an order (in form and substance acceptable to Lender) approving a stalking horse agreement (in form and substance acceptable to Lender) to purchase substantially all of the Aggregate Collateral; and (b) on or before October 17, 2012, Debtors have failed to obtain entry of an interim order (in form and substance acceptable to Lender) approving postpetition financing from Lender to enable Debtors to pay their reasonably expected accrued and accruing administrative expenses (including, without limitation, Carveouts) through an anticipated closing of a sale of substantially all Aggregate Collateral. If an Event of Default described in this Paragraph 4 occurs, then the $100,000 of Cash Collateral paid to Lender pursuant to Paragraph 3(c) of that certain order amending Cash Collateral entered on August 8, 2012 (Dkt. No. 475) shall be indefeasible and not subject to any remittance to Debtors.

5. Except as expressly set forth herein, the terms, provisions and conditions of, and relief granted by, the Final Cash Collateral Order and all other orders of this Court in this Case are not altered and remain in full force and effect.

6. The terms of this Order were negotiated in good faith and at arms' length.

7. If any or all of the provisions of this Order or the Final Cash Collateral Order are hereafter modified, vacated or stayed by subsequent order of this Court or any other court, such subsequent order shall not affect the priority, validity, enforceability or effectiveness of any lien, security interest, priority, adequate protection or other benefit authorized hereby with respect to any Cash Collateral used prior to the effective date of such subsequent order, and all such liens, security interests, priorities, adequate protection and other benefits shall be governed in all respects by the provisions of the Final Cash Collateral Order, as amended hereby.

8. Further status on the Motion shall be held at 10:00 a.m. on October 17, 2012.

DATED: October 3, 2012

_____
Honorable Eugene R. Wedoff
United States Bankruptcy Judge

## EXHIBIT 1

(See attached)

*Debtor In Possession*
*RWJ Management Companies, Inc. Cash Flow Forecast*

| | 10/6/2012 | 10/13/2012 | 10/20/2012 | | |
|---|---|---|---|---|---|
| Week Ended Friday | 10/12/2012 | 10/19/2012 | 10/26/2012 | | |
| Projected Beginning Cash, Baytree (1) | $542,703.00 | $516,453.00 | $502,802.00 | | |
| Total Cash Receipts | $ 600,000.00 | $ 600,000.00 | $ 600,000.00 | | |
| ACH Credits, | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | | |
| Rebates/Coupons | | | | | |
| Total Cash Receipts | $ 1,150,203.00 | $ 1,123,953.00 | $ 1,110,302.00 | | |
| Operating Disbursements | | | | | |
| Accounting | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | | |
| Auto Expense | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | | |
| BP AMPM Advertising and Royalties | $ - | $ - | $ - | | |
| Bank Fees | $ 500.00 | $ 500.00 | $ 500.00 | | |
| Food for Café | $ 19,000.00 | $ 19,000.00 | $ 19,000.00 | | |
| Cost of Goods for Retail Sales | $ 32,000.00 | $ 32,000.00 | $ 32,000.00 | | |
| Fintech Beer and Wine Postpetition | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | | |
| Gift Cards | $ - | $ - | $ - | | |
| Guarda Armored Car Postpetition | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | | |
| Insider Health Insurance | | $ 1,651.00 | $ - | | |
| Insider Gross Payroll | $ 7,000.00 | $ 7,000.00 | $ 7,000.00 | | |
| Insurance | $ - | $ - | | | |
| License/Permits | $ 500.00 | $ 500.00 | $ 500.00 | | |
| Jobber Net Fuel | $ 185,000.00 | $ 185,000.00 | $ 185,000.00 | | |
| Lottery | $ 34,000.00 | $ 34,000.00 | $ 34,000.00 | | |
| Lottery Winning Payouts | $ 35,000.00 | $ 35,000.00 | $ 35,000.00 | | |
| Postage/Office Supplies | $ 1,400.00 | $ 1,400.00 | $ 1,400.00 | | |
| Rent Expense | | | $ 35,350.00 | | |
| Repairs and Maintenance | $ 7,750.00 | $ 7,750.00 | $ 7,750.00 | | |
| Sales Taxes Postpetiton | $ 50,000.00 | $ 50,000.00 | $ 50,000.00 | | |
| SAS BP Approved Grocery and Tobacco | $ 125,000.00 | $ 125,000.00 | $ 125,000.00 | | |
| Store Operating Expense | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | | |
| Trash Waste Management | $ 1,750.00 | $ 1,750.00 | $ 1,750.00 | | |
| Total Gross Payroll Postpetition | $ 50,000.00 | $ 50,000.00 | $ 50,000.00 | | |
| Utilities | $ 11,000.00 | $ 11,000.00 | $ 11,000.00 | | |
| Trustee Fees | $ 43,250.00 | | | | |
| State Court Litigation Counsel (2) | $ 7,000.00 | $ 7,000.00 | $ 6,000.00 | | |
| Lease Cure Cost - Real Estate Taxes | | | | | |
| Severance Pay | | | | | |
| Landscaping | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | | |
| Real Estate Taxes - Debtor Owned Properties | | $ 29,000.00 | | | |
| Catch All | $ 1,600.00 | $ 1,600.00 | $ 1,600.00 | | |
| Total Expenses | $ 633,750.00 | $ 621,151.00 | $ 624,850.00 | | |
| EBITDA | $ (26,250.00) | $ (13,651.00) | $ (17,350.00) | | |
| Ending Cash | $ 516,453.00 | $ 502,802.00 | $ 485,452.00 | | |
| Matrix | | | | | |
| Debtor's Counsel | $ 40,000.00 | $ 40,000.00 | $ 40,000.00 | | |
| Debtor's Financial Advisor | $ 500.00 | $ 500.00 | $ 500.00 | | |
| Creditor's Committee Counsel | | | | | |
| Committees Financial Advisor | $5,000 | $5,000 | $5,000 | | |
| Ending Cash | $ 424,250.00 | $ 411,099.00 | $ 393,249.00 | | |

(1) Exclusive of funds in BMO Carve Out Account