**FILED**

**MAY - 8 2013**

**EUGENE R. WEDOFF,
BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
)
) Case No. 11 B 34845
RWJ MANAGEMENT CO., INC., ET AL. )
)
)
) Chapter 11
)
Debtors. )
)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO FREEBORN & PETERS LLP, ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $89,978.00 | TOTAL COSTS REQUESTED: | $229.91 |
| TOTAL FEES REDUCED: | $0.00 | TOTAL COSTS REDUCED: | $219.06 |
| TOTAL FEES ALLOWED: | $89,978.00 | TOTAL COSTS ALLOWED: | $10.85 |

**TOTAL FEES AND COSTS ALLOWED: $89,988.85**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(6)    Meal Expenses**

The Court denies the allowance of reimbursement of this meal expense. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

**(11)    Overhead Costs are Non-Compensable**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses which are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)).

Dated: May 8, 2013

_____
Eugene R. Wedoff
United States Bankruptcy Judge

2                                                                April 16, 2013

Statement No: 100094468

For professional services rendered with regard to:

Re: <u>Expenses</u>

## DISBURSEMENTS

| Date | | Description | Amount |
|---|---|---|---|
| Dec 6, 2012 | DJE | Telephone Conference Call 1908086 | 7.65 |
| Mar 14, 2013 | FIRM | Photocopying | 3.20 |
| Mar 17, 2013 | FIRM | Computer Legal Research - Westlaw 03/13 Westlaw Charges -EGGERT,DEVON J | 11.66 |
| Mar 18, 2013 | FIRM | Computer Legal Research - Westlaw 03/13 Westlaw Charges - RODGERS,ELIZABETH | 183.09 |
| Mar 20, 2013 | SRI | Meal and Conference Expense VENDOR: Isenberg, Shira R; INVOICE#: 032013; DATE: 3/20/2013 03/19 Dinner expense for working late | 24.31 |

## DISBURSEMENT SUMMARY

| | |
|---|---|
| Photocopying | 3.20 |
| Computer Legal Research - Westlaw | 194.75 |
| Telephone | 7.65 |
| Meal and Conference Expense | 24.31 |
| **TOTAL DISBURSEMENTS** | **$229.91** |

**TOTAL FEES AND DISBURSEMENTS**                                    **$229.91**

c:\bills\605338.bil

2841634v1/28279-0014