**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*,[1] | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: October 16, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Wednesday**, **October 16, 2013, at 10:00 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff, Room 744, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached *First and Final Application for Allowance of Compensation and Reimbursement of Expenses to Matrix Private Equities, Inc.*, at which time and place you may appear as you see fit.

| | |
|---|---|
| Dated: September 25, 2013 | PHILIP V. MARTINO, not individually, but solely as chapter 11 Trustee for RWJ Management Co, Inc., *et al.* |
| | By:  /s/ Christopher Combest   |

Christopher Combest
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
christopher.combest@quarles.com

**CERTIFICATE OF SERVICE**

I, Christopher Combest, an attorney, hereby certify that, on September 25, 2013, I caused the *First and Final Application for Allowance of Compensation and Reimbursement of Expenses to Matrix Private Equities, Inc.*, along with the preceding Notice and a proposed Order granting the Application, to be filed electronically, via the Court's CM/ECF System, and

---

[1] The Debtors in these Chapter 11 cases are: RWJ Crestwood, LLC; RWJ Downers Grove, LLC; RWJ Elmhurst, LLC; RWJ Forestview, LLC; RWJ Glen Ellyn, LLC; RWJ Management Co., Inc.; RWJ Management Co. II, Inc.; RWJ Munster, LLC; RWJ Plainfield, LLC; RWJ Romeoville, LLC; RWJ Wauconda, LLC; and RWJ Yorkville, LLC.

thereby to be served upon the parties listed below, to whom the System automatically delivered an electronic copy of each such filing at the following electronic mail addresses:

- Richard A Bixter richard.bixter@hklaw.com
- Alexander F Brougham abrougham@ag-ltd.com
- Christopher M Cahill ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- Kurt M Carlson kcarlson@carlsondash.com, knoonan@carlsondash.com
- Mark A Carter mac@ag-ltd.com, lhope@ag-ltd.com
- Carmen D Caruso cdc@cdcaruso.com, sms@cdcaruso.com
- Steven B Chaiken schaiken@ag-ltd.com, lhope@ag-ltd.com
- Rosanne Ciambrone rciambrone@duanemorris.com, jkahane@duanemorris.com
- Faith Dolgin faith.dolgin@illinois.gov
- Jeremy M Downs jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- David R Doyle ddoyle@shawfishman.com
- Devon J Eggert deggert@freeborn.com, bkdocketing@freeborn.com
- Chester H. Foster chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com
- Joseph D Frank jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com
- Arlene N Gelman agelman@vedderprice.com
- E. Philip Groben pgroben@cohenandkrol.com, trotman@cohenandkrol.com;pmchugh@cohenandkrol.com
- Aaron L. Hammer ahammer@sugarfgh.com, chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian@sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com
- Stephanie K. Hor-Chen schen@vedderprice.com, ecfdocket@vedderprice.com
- Danielle Juhle danielle.juhle@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Jeremy C Kleinman jkleinman@fgllp.com, ccarpenter@fgllp.com
- Gina B Krol gkrol@cohenandkrol.com, jhazdra@cohenandkrol.com;gkrol@cohenandkrol.com;pmchugh@cohenandkrol.com
- Richard S Lauter rlauter@freeborn.com, bkdocketing@freeborn.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- L Katie Mason kmason@reinhartlaw.com, kmason@reinhartlaw.com
- William J McKenna wmckenna@foley.com, thardy@foley.com;khall@foley.com
- Phillip W. Nelson pnelson@edwardswildman.com, ksoto@edwardswildman.com;ECFFilings@edwardswildman.com
- Mark Page mpage@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com;BankruptcyDepartment@Kelleydrye.com
- Lars A Peterson lapeterson@foley.com, khall@foley.com
- Rebecca D. Rosenthal rdr@ag-ltd.com
- Nathan Q. Rugg nrugg@ag-ltd.com, lhope@ag-ltd.com
- Brian L Shaw bshaw100@shawfishman.com, bharrington@shawfishman.com

- David J Simmons ds@greensfelder.com, dmh@greensfelder.com;meg@greensfelder.com;jep@greensfelder.com
- Roman Sukley USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov;cameron.g.gulden@usdoj.gov
- John R Weiss jrweiss@duanemorris.com

                                             /s/ Christopher Combest
                                             Christopher Combest

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*,[1] | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: October 16, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO MATRIX PRIVATE EQUITIES, INC.**

Philip V. Martino, the duly appointed and serving chapter 11 trustee ("**Trustee**") for the estates of the above-captioned debtors (collectively, the "**Debtors**"), hereby requests entry of an order, in the form filed in connection with this Application (the **"Application"**): (a) allowing (i) compensation for professional services rendered by Matrix Private Equities, Inc. (**"Matrix"**) during the period (the **"Engagement Period"**) from July 18, 2012 (the date of the order (the **"Retention Order"**) authorizing the retention of Matrix by the Debtors' estates), through July 19, 2013 (the date of the closing of the sale of substantially all of Debtors' assets), in the aggregate amount of $200,000 and (ii) reimbursement of expenses to Matrix in the aggregate sum of $3,724.63; (b) approving all such allowances as final; (c) authorizing Trustee to pay allowed compensation and expenses not previously paid to Matrix and ratifying the payment of all allowed amounts for compensation and expenses previously made by Trustee or the debtors in possession to Matrix pursuant to the Retention Order, and (d) limiting notice of this Application. In support, Trustee states:

---

[1] The Debtors in these Chapter 11 cases are: RWJ Crestwood, LLC; RWJ Downers Grove, LLC; RWJ Elmhurst, LLC; RWJ Forestview, LLC; RWJ Glen Ellyn, LLC; RWJ Management Co., Inc.; RWJ Management Co. II, Inc.; RWJ Munster, LLC; RWJ Plainfield, LLC; RWJ Romeoville, LLC; RWJ Wauconda, LLC; and RWJ Yorkville, LLC.

QB\22463215.1

### Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334(a) and Rule 40.3.1 of the Local Rules of Procedure of the United States District Court for the Northern District of Illinois.

2. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. The bases for the relief requested herein are 11 U.S.C. §§328, 330, and 331 and Fed. R. Bankr. P. 2002, 2016, and 9007.

### Background

5. On August 26, 2011 (the **"Petition Date"**), Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "**Code**").

6. Pursuant to Code §§1107(a) and 1108, Debtors initially operated their businesses and managed their financial affairs as debtors in possession.

7. On September 7, 2011, the United States Trustee appointed a committee of unsecured creditors (the "**Committee**"); the United States Trustee appointed additional members to the Committee on November 10, 2011.

8. On March 27, 2013, upon motion of the United States Trustee, the Court appointed Philip V. Martino to be chapter 11 Trustee for the Debtors, thereby taking Debtors out of possession and placing their assets and businesses under the control of Trustee.

### Retention of Matrix and Compensation Terms

9. Pursuant to the Retention Order, the former debtors in possession retained Matrix as investment banker to (a) assist in evaluating how best to maximize the value of the Debtors'

estates through a sale of assets, an equity investment, or otherwise; (b) market the Debtors and/or their assets for sale; (c) advise on the structure and terms of any transaction, and (d) manage due diligence investigations by potential counterparties to a transaction. The scope of the retention of Matrix (the **"Engagement"**) is detailed in the Debtors' application for entry of the Retention Order (Docket No. 438) (the **"Retention Application"**) and the Financial Services Agreement (the **"Agreement"**) between Matrix and Debtors attached to the Retention Application.

10. The compensation terms applicable to Matrix were approved under the Retention Order pursuant to Code §328(a) and provide for payment to Matrix pursuant to the terms of the Agreement. For the purposes of this Application, the relevant compensation terms are: (a) payment of an advance of $50,000 (the **"Advance"**) upon entry of the Retention Order; (b) payment of a Financial Advisory Fee of $10,000 per month (the **"Monthly Fee"**), commencing August 1, 2012, for that month, and (c) payment of a success fee (the **"Transaction Fee"**) of $200,000 (plus additional amounts to be calculated as a percentage of any aggregate consideration received in excess of $20 million). The Advance and the total Monthly Fees paid to Matrix during the Engagement Period are each to be credited against the aggregate Transaction Fee owed to Matrix.

11. Finally, Matrix may also receive reimbursement of certain reasonable, documented out-of-pocket expenses, provided that, in the aggregate, such expenses may not exceed $25,000 without prior approval of Trustee.

12. The Retention Order provides that Matrix's Transaction Fee and reimbursable expenses must be allowed pursuant to application made to the Court, but that any such application need not contain time detail or time records.

3

13. On December 11, 2012, the Court entered its *Order (I) Authorizing Debtors to (A) Incur Postpetition Debt and (B) Grant Adequate Protection and Provide Security and Other Relief to BMO Harris Bank N.A. after Final Hearing, and (II) Amending Final Order Authorizing Debtor to: (A) Use Cash Collateral; and (B) Grant Certain Liens and Provide Security and Other Relief to BMO Harris Bank N.A.* (Docket No. 604) (as subsequently amended, the **"Final Financing Order"**). Pursuant to the Final Financing Order, Matrix is a beneficiary of a carve-out from the collateral of BMO Harris Bank N.A. (the **"Lender"**)[2].

14. Upon consultation with the Lender's counsel, Trustee understands that the amounts sought by Matrix, as described below, are within the carve-out limits for Matrix under the Final Financing Order and will be paid solely from property that is collateral of the Lender.

## Sale Processes and Results

15. In September 2012, Debtors obtained Court approval of initial procedures for the sale of their assets, and, during the following month, obtained an order amending those procedures to create a competitive bidding process (the **"Former Sale Process"**) under which they proposed to sell substantially all of their assets to (a) an entity called Buck's, Inc., or (b) such other entity as might make the highest or otherwise best offer at an auction of the Debtors' assets.

16. Bucks, Inc., later withdrew from the Former Sale Process, and the Debtors obtained an order of the Court indefinitely suspending the Former Sale Process. Upon his appointment, and in consultation with Matrix, the Committee, and the Lender, Trustee revived the sale process, pursuant to new procedures and deadlines proposed by Trustee and authorized by the Court (the **"Renewed Sale Process"**).

---

[2] BMO Harris Bank N.A. has assigned its claims against Debtors' estates to Capital Crossing Servicing Company LLC or an affiliate thereof; this Application refers to BMO Harris Bank N.A, in its prior capacity as senior secured lender to Debtors, and Capital Crossing Servicing Company LLC (or such affiliate), collectively, as the **"Lender."**

17. As a result of the Renewed Sale Process, on June 26, 2013, the Court entered an order (Docket No. 849) (the **"Sale Order"**), authorizing the sale of substantially all of Debtors' assets (the **"Sale"**) to Graham Enterprise, Inc., free and clear of liens, claims, encumbrances, and interests, except as set forth in the Sale Order. The total cash consideration for the assets, exclusive of inventory and certain other adjustments, was $19,750,000.

18. Given these results, and under the approved compensation terms, Matrix is entitled to the minimum Transaction Fee of $200,000. After crediting against that figure (a) the $50,000 Advance and (b) total Monthly Fees paid during the Engagement of $90,000, Matrix is owed, as compensation for services rendered to Debtors' estates, a net Transaction Fee of $60,000 (the **"Net Compensation"**).

19. Matrix also seeks reimbursement of expenses incurred during the Engagement Period totaling $3,724.63 (the **"Expenses"**), as follows: (a) travel expenses: $3,609.93 (all incurred in connection with the proposed sale to Buck's, Inc.); (b) telephone conferencing services: $82.73, and (c) overnight mail service: $31.97.

20. Neither the Net Compensation nor the Expenses have yet been paid to Matrix.

### Services Rendered by Matrix

21. Matrix, in consultation with the Lender, the Committee, Debtors' and their former counsel – and, thereafter, Trustee and his counsel – helped create and implement a marketing strategy for the Debtors' assets. In consultation with those parties, Matrix considered as potential purchasers, among others, national convenience store operators, fuel wholesalers and retailers, and private equity and other financial acquirers. Matrix informed Trustee that Matrix had contact with at least 57 entities in connection with the Former Sale Process; Matrix and Trustee used that list to solicit stalking-horse bids during the Renewed Sale Process. During the Former

5

QB\22463215.1

Sale Process, Matrix managed a process that yielded a stalking-horse purchaser and worked with the Lender, the Committee, and the Debtors and their former counsel to obtain Court approval of the stalking-horse agreement. During both the Former Sale Process and Renewed Sale Process, Matrix managed the execution of confidentiality agreements with interested parties; worked with management to extract accurate financial data from the Debtors' accounting system; updated the financial data from time to time; created and maintained an electronic data room to facilitate the provision of due diligence documents to potential bidders (a data room that Matrix extensively restructured and updated after Trustee's appointment); communicated with interested parties, and worked with the debtors in possession and, later, Trustee to identify likely stalking-horse bidders, to craft bidding and sale procedures and a Stalking Horse Purchase Agreement in connection with both the Former and the Renewed Sale Processes, and to evaluate letters of intent and proposed asset purchase agreements. Although the majority of Matrix's services were rendered prior to Trustee's appointment, those services laid the groundwork for Trustee's sale of Debtor's assets.

22. Given the time devoted to the Engagement by Matrix, the tasks undertaken by Matrix, and the results obtained, Trustee believes that (a) the aggregate Transaction Fee is reasonable pursuant to Code §328; (b) there is no reason to alter the compensation terms previously approved for Matrix by the Court under the Retention Order, and (c) the aggregate Transaction Fee should be allowed as final compensation for the services rendered by Matrix, on behalf of the Debtors' estates, during the Engagement Period.

23. Trustee asks that the Court enter an order so providing, approving the prior payment of the Advance and of the Monthly Fees to Matrix by the debtors in possession and

6

QB\22463215.1

Trustee, and authorizing (but not directing) Trustee to pay the Net Compensation to Matrix, all as provided under the terms of the Retention Order and the Agreement.

24. Trustee has also reviewed the requests for reimbursement of expenses made by Matrix. Trustee asks the Court to (a) allow as final the amounts of Expenses described above and (b) authorize (but not direct) Trustee to pay the Expenses to Matrix.

## Notice

25. This Application has been filed electronically, and notice thereof will be provided electronically on the date hereof, via the Court's CM/ECF System, to (a) counsel for (i) the Lender; (ii) the Committee; (iii) Robert W. Juckniess, the sole shareholder of Debtors, and (iv) the United States Trustee; and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System.

26. Trustee submits that those creditors with a significant interest in Debtors' cases already have filed appearances and are receiving electronic notices or are otherwise able to monitor the proceedings through the Court's electronic docket. Moreover, the parties with the most significant pecuniary interests in the Debtors' cases – Lender and the Committee (on behalf of unsecured creditors) – are familiar with Matrix's work during the Debtors' cases and with the amount and calculation of the compensation requested by Matrix. Therefore, service of notice of this Application on all creditors would impose costs on the estates without significantly furthering the purposes of Fed. R. Bankr. P. 2002(a)(6).

27. Accordingly, pursuant to Fed. R. Bankr. P. 2002(i) and 9007, Trustee asks that the Court require service only on the parties listed above.

WHEREFORE, Trustee respectfully requests that the Court enter an order, in the form submitted with this Application: (A) allowing Matrix, as compensation for services rendered to

7

the Debtors' estates, a Transaction Fee in the aggregate amount of $200,000; (B) allowing Matrix reimbursement of actual, reasonable expenses incurred on behalf of the Debtors' estates during the Engagement Period in the sum of $3,724.63; (C) approving each such allowance as final; (D) approving the payments previously made by the debtors in possession and Trustee of the Advance and the Monthly Fees; (E) authorizing, but not directing, Trustee to pay the Net Compensation and the Expenses to Matrix, and (F) granting Trustee such other and further relief as the Court deems appropriate.

Dated: September 25, 2013

PHILIP V. MARTINO, not individually,
but solely as chapter 11 Trustee
for RWJ Management Co, Inc., *et al.*

By: /s/ Christopher Combest

Christopher Combest
Sarah K. Baker
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
christopher.combest@quarles.com
sarah.baker@quarles.com

8