**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*,[1] | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: October 16, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday**, **October 16, 2013, at 10:00 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff, Room 744, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached *Final Application for Allowance of Compensation and Reimbursement of Expenses to Campbell Accounting, LLC*, at which time and place you may appear as you see fit.

Dated: September 25, 2013         PHILIP V. MARTINO, not individually,
                                  but solely as chapter 11 Trustee
                                  for RWJ Management Co, Inc., *et al.*

                                  By:    /s/ Christopher Combest

Christopher Combest
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
christopher.combest@quarles.com

## CERTIFICATE OF SERVICE

I, Christopher Combest, an attorney, hereby certify that, on September 25, 2013, I caused the *Final Application for Allowance of Compensation and Reimbursement of Expenses to Campbell Accounting, LLC*, along with the preceding Notice and a proposed Order granting the Application, to be filed electronically, via the Court's CM/ECF System, and thereby to be served

---

[1] The Debtors in these Chapter 11 cases are: RWJ Crestwood, LLC; RWJ Downers Grove, LLC; RWJ Elmhurst, LLC; RWJ Forestview, LLC; RWJ Glen Ellyn, LLC; RWJ Management Co., Inc.; RWJ Management Co. II, Inc.; RWJ Munster, LLC; RWJ Plainfield, LLC; RWJ Romeoville, LLC; RWJ Wauconda, LLC; and RWJ Yorkville, LLC.

QB\22763839.1

upon the parties listed below, to whom the System automatically delivered an electronic copy of each such filing at the following electronic mail addresses:

- Richard A Bixter richard.bixter@hklaw.com
- Alexander F Brougham abrougham@ag-ltd.com
- Christopher M Cahill ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- Kurt M Carlson kcarlson@carlsondash.com, knoonan@carlsondash.com
- Mark A Carter mac@ag-ltd.com, lhope@ag-ltd.com
- Carmen D Caruso cdc@cdcaruso.com, sms@cdcaruso.com
- Steven B Chaiken schaiken@ag-ltd.com, lhope@ag-ltd.com
- Rosanne Ciambrone rciambrone@duanemorris.com, jkahane@duanemorris.com
- Faith Dolgin faith.dolgin@illinois.gov
- Jeremy M Downs jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- David R Doyle ddoyle@shawfishman.com
- Devon J Eggert deggert@freeborn.com, bkdocketing@freeborn.com
- Chester H. Foster chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com
- Joseph D Frank jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com
- Arlene N Gelman agelman@vedderprice.com
- E. Philip Groben pgroben@cohenandkrol.com, trotman@cohenandkrol.com;pmchugh@cohenandkrol.com
- Aaron L. Hammer ahammer@sugarfgh.com, chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian@sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com
- Stephanie K. Hor-Chen schen@vedderprice.com, ecfdocket@vedderprice.com
- Danielle Juhle danielle.juhle@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Jeremy C Kleinman jkleinman@fgllp.com, ccarpenter@fgllp.com
- Gina B Krol gkrol@cohenandkrol.com, jhazdra@cohenandkrol.com;gkrol@cohenandkrol.com;pmchugh@cohenandkrol.com
- Richard S Lauter rlauter@freeborn.com, bkdocketing@freeborn.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- L Katie Mason kmason@reinhartlaw.com, kmason@reinhartlaw.com
- William J McKenna wmckenna@foley.com, thardy@foley.com;khall@foley.com
- Phillip W. Nelson pnelson@edwardswildman.com, ksoto@edwardswildman.com;ECFFilings@edwardswildman.com
- Mark Page mpage@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com;BankruptcyDepartment@Kelleydrye.com
- Lars A Peterson lapeterson@foley.com, khall@foley.com
- Rebecca D. Rosenthal rdr@ag-ltd.com
- Nathan Q. Rugg nrugg@ag-ltd.com, lhope@ag-ltd.com
- Brian L Shaw bshaw100@shawfishman.com, bharrington@shawfishman.com

2

QB\22763839.1

- David J Simmons ds@greensfelder.com, dmh@greensfelder.com;meg@greensfelder.com;jep@greensfelder.com
- Roman Sukley USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov;cameron.g.gulden@usdoj.gov
- John R Weiss jrweiss@duanemorris.com

    /s/ Christopher Combest
    Christopher Combest

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*,[1] | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: October 16, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES TO CAMPBELL ACCOUNTING, LLC**

Philip V. Martino, the duly appointed and serving chapter 11 trustee ("**Trustee**") for the estates of the above-captioned debtors (collectively, the "**Debtors**"), hereby requests entry of an order, in the form filed in connection with this Application (the **"Application"**): (a) (i) allowing an award of compensation to Campbell Accountants, LLC (**"Campbell"**), in the amount of $203,553.90 (the **"Compromise Fees"**), which represents 90% of the total fees (the sum of $226,171.00, the "**Total Subject Period Fees**") invoiced by Campbell for accounting and tax preparation services (collectively, the "**Representation**") rendered to the Debtors' estates from the commencement of the captioned cases through August 31, 2013 (the **"Subject Period"**), and (ii) authorizing, but not directing, Trustee to pay to Campbell the amount of the Compromise Fees not previously received by Campbell (the "**Net Fee**"); (b) allowing reimbursement of expenses to Campbell in the amount of $236.91 (the **"Subject Period Expenses"**), which sum has previously been paid to Campbell in full; (c) approving all such allowances as final; (d)

---

[1] The Debtors in these Chapter 11 cases are: RWJ Crestwood, LLC; RWJ Downers Grove, LLC; RWJ Elmhurst, LLC; RWJ Forestview, LLC; RWJ Glen Ellyn, LLC; RWJ Management Co., Inc.; RWJ Management Co. II, Inc.; RWJ Munster, LLC; RWJ Plainfield, LLC; RWJ Romeoville, LLC; RWJ Wauconda, LLC; and RWJ Yorkville, LLC.

QB\22556161.1

authorizing Campbell to offset the 10% difference between the Compromise Fees and the Total Subject Period Fees (a difference of $22,617.10, the **"Holdback"**) against any amounts already received by Campbell that the Court may order Campbell to disgorge, and (e) limiting notice of this Application. In support, the Trustee states:

## Jurisdiction

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334(a) and Rule 40.3.1 of the Local Rules of Procedure of the United States District Court for the Northern District of Illinois.

2.  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4.  The bases for the relief requested herein are 11 U.S.C. §§328, 330, and 331 and Fed. R. Bankr. P. 2002, 2016, and 9007.

## Background

5.  On August 26, 2011 (the **"Petition Date"**), Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "**Code**").

6.  Pursuant to Code §§1107(a) and 1108, Debtors initially operated their businesses and managed their financial affairs as debtors in possession.

7.  On September 7, 2011, the United States Trustee appointed a committee of unsecured creditors (the "**Committee**"); the United States Trustee appointed additional members to the Committee on November 10, 2011.

2

8. On March 27, 2013, upon motion of the United States Trustee, the Court appointed Philip V. Martino to be chapter 11 Trustee for the Debtors, thereby taking Debtors out of possession and placing their assets and businesses under the control of Trustee.

### Retention of Campbell and Compensation Terms

9. By order entered November 2, 2011 (Docket No.188) (the **"Retention Order"**), the former debtors in possession retained Campbell. Trustee continued Campbell's retention.

10. The compensation terms applicable to Campbell were approved under the Retention Order pursuant to Code §328(a). Campbell billed for all services, except for preparation of tax returns, at a flat rate of $130 per hour. Services in connection with the preparation of tax returns were billed at a flat rate of $250 per hour, with an added processing charge of $225.00 per return; a total of three such processing charges, aggregating $675.00, were charged by Campbell during the entire Subject Period. Campbell is also entitled to reimbursement of reasonable out-of pocket expenses.

11. Campbell has filed monthly statements of fees and expenses (the "**Monthly Statements**") and has been paid 90% of the fees and 100% of the expenses shown on such Monthly Statements through May 31, 2013, pursuant to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* (Docket No. 132, as amended by order entered at Docket No. 759, the "**Interim Compensation Order**").

### Allowance of Fees and Reimbursable Expenses; Compromise Amount

12. During the Subject Period, Campbell devoted a total of 1,643.2 hours to the performance of professional services on behalf of Debtors' estates. Attached to this Application as **Consolidated Exhibit A** are copies of the twenty-four Monthly Statements that encompass

3

the Subject Period[2], which include time entries and descriptions of services rendered on a daily basis during the Subject Period, along with a summary chart showing the amount of fees and costs sought on each Monthly Statement, amounts so far paid and outstanding, and the Holdback.

13. Campbell provided services to Debtors' estates in three principal areas, as follows:

(a) <u>Case Administration</u>: Campbell categorized under this heading services related to or arising out of the chapter 11 cases. These include preparing the numerous schedules and other information required to file the monthly operating reports for 10 operating Debtors and two management companies; assisting with the preparation of schedules and statements of financial affairs; conferring with the Debtors, their counsel, and Trustee on matters within the scope of Campbell's services, and coordinating with Convenience Management Services, Inc., Trustee's operations manager, in the transition of financial accounting tasks after Trustee's appointment. Hours: 722.60 / Total Fees: $93,938.00

(b) <u>General Accounting</u>: Campbell continued to perform in this category the usual, typical accounting services that it had provided to Debtors prior to the Petition Date. These include regular reconciliations of the Debtors' bank accounts; accruals; accounting for sales taxes and preparing sales tax returns; bookkeeping; preparation of financial statements; general posting of items of income and outflow, and related business accounting tasks. Hours: 821.60 / Total Fees: $106,808.00

---

[2] Campbell's twenty-fourth and final monthly statement, for the period from August 1, 2013, through August 31, 2013, was not filed with the Court separate from this Application.

4

      (c)    <u>Tax Preparation</u>: Services included year-end reviews with Debtors to prepare for the filing of tax returns; preparation and filing of tax forms 1120S, and handling audits by the Internal Revenue Service, the Illinois Department of Revenue, and/or the Indiana Department of Revenue related to those returns. Hours: 99.00 / Total Fees: $24,750.00 (plus $675.00 in processing fees for three returns).

14.    Campbell also seeks allowance of expenses incurred during the Subject Period totaling $236.91, as follows: (a) mileage and parking: $194.50 and (b) overnight delivery: $42.41.

15.    After discussions with the Trustee and with the agreement of the Committee and of the assignee of the claims against Debtors' estates of BMO Harris Bank N.A. (the "**Lender**"), given the limited resources of Debtors' estates for secured creditors, Campbell has agreed, as an accommodation to the estates, to accept the Compromise Fees in full satisfaction of Campbell's claim for the Total Subject Period Fees, provided, however, that, if the Court should order any amount already received by Campbell to be disgorged, Campbell may assert the Holdback as an offset against any such amount, and provided, further, that in no event shall Debtors' estates pay any additional amounts to Campbell, beyond those Campbell has already received, in excess of the Net Fee.

16.    Given the time devoted to the Representation and the tasks undertaken therein by Campbell, Trustee believes that (a) there is no reason to alter the compensation terms previously approved for Campbell by the Court under the Retention Order; (b) the Compromise Fees are reasonable pursuant to Code §328; and (c) to effect the accommodation described above, Campbell should be permitted to offset the Holdback against amounts, if any, ultimately ordered disgorged by the Court.

5

**Notice**

17.This Application has been filed electronically, and notice thereof will be provided electronically on the date hereof, via the Court's CM/ECF System, to (a) counsel for (i) the Lender; (ii) the Committee; (iii) Robert W. Juckniess, the sole shareholder of Debtors, and (iv) the United States Trustee; and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System.

18.Trustee submits that those creditors with a significant interest in Debtors' cases already have filed appearances and are receiving electronic notices or are otherwise able to monitor the proceedings through the Court's electronic docket.  Moreover, the parties with the most significant pecuniary interests in the Debtors' cases – the Lender and the Committee (on behalf of unsecured creditors) – are familiar with Campbell's work during the Debtors' cases. Therefore, service of notice of this Application on all creditors would impose costs on the estates without significantly furthering the purposes of Fed. R. Bankr. P. 2002(a)(6).

19.Accordingly, pursuant to Fed. R. Bankr. P. 2002(i) and 9007, Trustee asks that the Court require service only on the parties listed above.

WHEREFORE, Trustee respectfully requests that the Court enter an order, in the form submitted with this Application: (A) allowing the Compromise Fees in the amount of $203,553.90; (B) allowing Campbell reimbursement of actual, reasonable expenses incurred on behalf of the Debtors' estates during the Representation in the sum of $236.91; (C) approving each such allowance as final; (D) approving the payments previously made by the debtors in

possession and Trustee to Campbell pursuant to the Interim Compensation Order; (E) authorizing, but not directing, Trustee to pay the Net Fee to Campbell; (F) approving the offset of the Holdback, as described above, and (G) granting Trustee such other and further relief as the Court deems appropriate.

Dated: September 25, 2013

PHILIP V. MARTINO, not individually, but solely as chapter 11 Trustee for RWJ Management Co, Inc., *et al.*

By: /s/ Christopher Combest

Christopher Combest
Sarah K. Baker
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
christopher.combest@quarles.com
sarah.baker@quarles.com

7

QB\22556161.1