## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **RWJ MANAGEMENT CO. INC., et al.,**[1] | ) | **Case No. 11 B 34845** |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | **Hon. Eugene R. Wedoff** |

### NOTICE OF MOTION

   PLEASE TAKE NOTICE that on **Wednesday, March 12, 2014, at 10:00 a.m.**, the undersigned shall appear before the Honorable Eugene R. Wedoff, Room 744, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois and present the **MOTION TO ENFORCE FINAL DIP FINANCING ORDER**, a copy of which has been served upon counsel of record.

Dated: March 7, 2014    Respectfully submitted,

        Monty SPV, LLC and Capital Crossing Servicing
         Company, LLC


        By: /s/ Jeremy M. Downs
           One of Its Attorneys

        Jeremy M. Downs (ARDC #6272155)
        GOLDBERG KOHN LTD.
        55 East Monroe Street, Suite 3300
        Chicago, Illinois  60603
        (312) 201-4000 (main)
        (312) 332-2196 (fax)

---

[1] The Debtors in these jointly administered chapter 11 cases are: RWJ Crestwood, LLC, RWJ Downers Grove, LLC, RWJ Elmhurst, LLC, RWJ Forestview, LLC, RWJ Glen Ellyn, LLC, RWJ Management Co., Inc., RWJ Management Co. Il, Inc., RWJ Muster, LLC, RWJ Plainfield, LLC, RWJ Romeoville, LLC, RWJ Wauconda, LLC, and RWJ Yorkville, LLC.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **RWJ MANAGEMENT CO. INC., et al.,**[2] | ) | **Case No. 11 B 34845** |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | **Hon. Eugene R. Wedoff** |

## MOTION TO ENFORCE FINAL DIP FINANCING ORDER

Monty SPV, LLC, as Lender, and Capital Crossing Servicing Company, LLC, as Lender's loan servicer (collectively, "Movants"), by and through their undersigned counsel, bring this motion ("Motion") to enforce the Trustee's obligation to remit certain Cash Collateral to Lender in accordance with that certain Order (I) Authorizing Debtors to (A) Incur Postpetition Debt and (B) Grant Adequate Protection and Provide Security and Other Relief to BMO Harris Bank N.A. After Final Hearing, and (II) Amending Final Order Authorizing Debtor to: (A) Use Cash Collateral; and (B) Grant Certain Liens and Provide Security and Other Relief to BMO Harris Bank N.A., entered by this Court on December 11, 2012 at Docket No. 604 (as amended or otherwise modified from time to time, the "Final DIP Financing Order").[3]

### A.     The Trustee Is Obligated to Remit At Least $90,000 of Cash Collateral to Lender in Accordance With the Terms of the Final DIP Financing Order.

1.     On June 26, 2013, the Court entered that certain Order (A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105(a) and 363 to Graham Enterprises, Inc., and (B)

---

[2] The Debtors in these jointly administered chapter 11 cases are: RWJ Crestwood, LLC, RWJ Downers Grove, LLC, RWJ Elmhurst, LLC, RWJ Forestview, LLC, RWJ Glen Ellyn, LLC, RWJ Management Co., Inc., RWJ Management Co. II, Inc., RWJ Muster, LLC, RWJ Plainfield, LLC, RWJ Romeoville, LLC, RWJ Wauconda, LLC, and RWJ Yorkville, LLC.

[3] Unless otherwise provided herein, all capitalized terms used but not otherwise defined herein have the respective meanings assigned to them in the Final DIP Financing Order.

Authorizing Trustee to Assume and Assign Executory Contracts and Unexpired Leases to Graham Enterprises, Inc., and Fixing Cure Amounts Pursuant to 11 U.S.C. § 365 (Docket No. 849, the "Sale Order").

2.     On July 17, 2013, the Maturity Date occurred under the Final DIP Financing Order as a result of the closing of the sale of substantially all of the Debtors' assets in accordance with the Sale Order. Pursuant to the Sale Order, all proceeds of the sale were remitted to the Lender and applied on a final and indefeasible basis to the Aggregate Debt, except for agreed amounts of Cash Collateral paid to the Trustee on account of the then-unpaid Carveout (the "Carveout Reserve").

3.     The Cash Collateral that the Trustee had or received on the Maturity Date can be considered in three pools:

a.     **$250,000 Carveout for Other Creditors**.  A $250,000 portion of the Carveout Reserve is derived from Definition 13 (Carveout) to the Final DIP Financing Order.  The sale authorized by the Sale Order generated less proceeds than the Buck's Offer, and, therefore, $250,000 (not $400,000) of additional Cash Collateral was set aside to pay allowed administrative expenses and unsecured claims other than those held by the Lender and certain insiders and their affiliates (the "Sale Proceeds Carveout").

b.     **Carveout for Carveout Professionals**.  The remainder of the Carveout Reserve (i.e., other than the Sale Proceeds Carveout) is Cash Collateral earmarked and identified by Carveout Professional for the payment of their respective allowed fees and expenses incurred on or before the Maturity Date.  Amounts incurred by Carveout Professionals after the Termination Date, and any amounts incurred prior to the Termination Date but not finally allowed by the Court, are excluded from the Carveout. See Final DIP Financing Order, ¶¶ 2(b), 3. If and to the extent that the aggregate allowed

2

Carveout of a Carveout Professional exceeds its share of the Carveout Reserve (the "Excess Carveout Reserve"), such Excess Carveout Reserve is Cash Collateral to be remitted to the Lender.  See id.

        c.    **Cash Collateral in the Trustee's possession other than the Carveout Reserve**.  Upon the occurrence of the Maturity Date, the Trustee's authority to use Cash Collateral terminated, except as specifically permitted and limited by Paragraph 2(b) of the Final DIP Financing Order.  See id. at ¶¶ 2(b), 2(c), 3.  Paragraph 2(b) expressly allows certain amounts in the lottery trust accounts, plus up to $400,000 of other Cash Collateral on hand, to be used to pay budgeted expenses (the "Permitted Wind-Down Amount").  Id. at ¶ 2(b).  The Final DIP Financing Order requires the Trustee to remit all Cash Collateral in excess of the Permitted Wind-Down Amount to the Lender.  See id. at ¶¶ 2(b) and 2(c).

        4.    In addition to these three pools of Cash Collateral existing on the Maturity Date, a fourth pool has arisen since the Maturity Date.  Based on schedules sent to the Lender by the Trustee and his professionals, in excess of $90,000 of Cash Collateral has been received by the Trustee after the Maturity Date (the "Post-Maturity Date Cash Collateral").  None of the Post-Maturity Date Cash Collateral has been remitted to the Lender, despite the express terms of the Final DIP Financing Order requiring the Trustee to do so.  See id.

        5.    On August 13, 2013, the Lender sent a letter (the "August Request Letter") to the Trustee requesting an accounting of the Post-Maturity Date Cash Collateral and requesting the payment of the Excess Carveout Reserve.  On October 8, 2013, following the Trustee's delivery of certain updates and reconciliations in response to the August Request Letter, the Lender sent another letter (the "October Request Letter"; and together with the August Request Letter, collectively, the "Request Letters") requesting (a) final accounting of the Excess Carveout

Reserve and all Post-Maturity Date Cash Collateral, and (b) payment of such amounts to the Lender.

6.     Despite the Request Letters and extensive subsequent efforts by the Lender to consensually resolve such matters with the Trustee and the Committee in connection with other proceedings in this Case, the Trustee has not remitted any Cash Collateral (of any source) to the Lender since the Maturity Date.  This directly contravenes the terms of the Final DIP Financing Order, which provides, among other things, in Paragraph 2(c):

> Rights Upon Termination.  At Lender's election, without further order of the Court: (1) on the fifth (5th) business day after the Lender files notice of the occurrence of the [Maturity] Date with the Court, Lender shall have automatic and immediate relief from the automatic stay with respect to the Aggregate Collateral (without regard to the passage of time provided for in Fed. R. Bankr. P. 4001(a)(3)), and shall be entitled to exercise all rights and remedies available to Lender against Debtors and the Aggregate Collateral under the Prepetition Documents and applicable nonbankruptcy law; (2) Debtors shall cooperate with Lender in the exercise of its rights and remedies under the Prepetition Documents, this Order and applicable nonbankruptcy law; and (3) ***Debtors shall deliver the Aggregate Collateral (other than any and all amounts of Cash Collateral which the Debtors are expressly permitted to use on or after the [Maturity] Date under and in accordance with Paragraph 2(b) above) to Lender, if, as, and when requested in writing by Lender.***  Notwithstanding the occurrence of the [Maturity] Date, the obligations of Debtors and the rights of Lender with respect to all transactions which have occurred prior to the [Maturity] Date shall remain unimpaired and unaffected.  During the pendency of such five (5) business  day period, Debtors shall be permitted to seek an expedited determination from the Court (and Lender shall be deemed to have consented to such expedited proceeding, provided that Lender has received at least twelve (12) hours written notice of its commencement) that an Event of Default has not occurred.

Id. at ¶ 2(c) (*emphasis added*).

7.     As a result, pursuant to the express terms of the Final DIP Financing Order, the Lender is entitled to prompt payment of the following amounts (collectively, "Additional Cash Collateral"):  (a) all Cash Collateral that was in the Trustee's control on the Maturity Date in excess of the Permitted Wind-Down Amount; (b) the Excess Carveout Reserve; and (c) all Post-Maturity Date Cash Collateral.

WHEREFORE, Movants request that this Court enter an order (a) directing the Trustee to (i) provide a final accounting to the Court and Lender of all of the Additional Cash Collateral, (ii) pay to the Lender all such Additional Cash Collateral and any other Cash Collateral coming into the Trustee's possession; and (b) granting such further relief as the Court deems appropriate.

Dated: March 7, 2014                Respectfully submitted,

                                    Monty SPV, LLC and Capital Crossing Servicing
                                       Company, LLC

                                    By: /s/ Jeremy M. Downs
                                            One of Its Attorneys

                                    Jeremy M. Downs (ARDC #6272155)
                                    GOLDBERG KOHN LTD.
                                    55 East Monroe Street, Suite 3300
                                    Chicago, Illinois  60603
                                    (312) 201-4000 (main)
                                    (312) 332-2196 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2014, the foregoing **NOTICE OF MOTION** and **MOTION TO ENFORCE FINAL DIP FINANCING ORDER** were filed with the Court using the CM/ECF filing system, which then served notice of filing on the following counsel of record:

- Debra Devassy Babu ddevassy@askounisdarcy.com
- Sarah Baker sarah.baker@quarles.com, stella.love@quarles.com
- Lauren N. Beslow Lauren.Beslow@quarles.com, Faye.Feinstein@quarles.com
- Richard A Bixter richard.bixter@hklaw.com
- Alexander F Brougham abrougham@ag-ltd.com
- Christopher M Cahill ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- Kurt M Carlson kcarlson@carlsondash.com, knoonan@carlsondash.com
- Mark A Carter mac@ag-ltd.com, lhope@ag-ltd.com
- Mark A Carter mac@ag-ltd.com, lhope@ag-ltd.com
- Carmen D Caruso cdc@cdcaruso.com, sms@cdcaruso.com
- Steven B Chaiken schaiken@ag-ltd.com, lhope@ag-ltd.com
- Steven B Chaiken schaiken@ag-ltd.com, lhope@ag-ltd.com
- Rosanne Ciambrone rciambrone@duanemorris.com, jkahane@duanemorris.com
- Christopher Combest christopher.combest@quarles.com, Faye.Feinstein@quarles.com;Sarah.Baker@quarles.com
- Alex Darcy adarcy@askounisdarcy.com
- Michael W Debre mdebre@askounisdarcy.com
- Faith Dolgin faith.dolgin@illinois.gov
- Jeremy M Downs jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- David R Doyle ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Devon J Eggert deggert@freeborn.com, bkdocketing@freeborn.com
- Chester H. Foster chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com
- Joseph D Frank jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com
- Arlene N Gelman agelman@vedderprice.com
- E. Philip Groben pgroben@cohenandkrol.com, trotman@cohenandkrol.com;pmchugh@cohenandkrol.com
- Aaron L. Hammer ahammer@sugarfgh.com, chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian @sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com
- Stephanie K. Hor-Chen schen@vedderprice.com, ecfdocket@vedderprice.com
- Danielle Juhle danielle.juhle@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Jeremy C Kleinman jkleinman@fgllp.com, ccarpenter@fgllp.com
- Gina B Krol gkrol@cohenandkrol.com, gkrol@cohenandkrol.com;pmchugh@cohenandkrol.com;jneiman@cohenandkrol.com
- Richard S Lauter rlauter@freeborn.com, bkdocketing@freeborn.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Philip V Martino philip.martino@quarles.com

- Philip V Martino philip.martino@quarles.com,
  pmartino@ecf.epiqsystems.com;jim.irving@DLApiper.com;colleen.greer@quarles.com;
  wemet@quarles.com
- L Katie Mason kmason@reinhartlaw.com, kmason@reinhartlaw.com
- William J McKenna wmckenna@foley.com, thardy@foley.com;khall@foley.com
- Phillip W. Nelson pnelson@edwardswildman.com,
  ksoto@edwardswildman.com;ECFFilings@edwardswildman.com
- Mark Page mpage@kelleydrye.com,
  KDWBankruptcyDepartment@kelleydrye.com;BankruptcyDepartment@Kelleydrye.com
- Lars A Peterson lapeterson@foley.com, khall@foley.com
- Rebecca D. Rosenthal rdr@ag-ltd.com
- Nathan Q. Rugg nrugg@ag-ltd.com, lhope@ag-ltd.com
- Brian L Shaw bshaw100@shawfishman.com, bharrington@shawfishman.com
- David J Simmons ds@greensfelder.com,
  dmh@greensfelder.com;meg@greensfelder.com;jep@greensfelder.com
- Roman Sukley USTPRegion11.es.ecf@usdoj.gov,
  roman.l.sukley@usdoj.gov;cameron.g.gulden@usdoj.gov
- John R Weiss jrweiss@duanemorris.com

/s/ Jeremy M. Downs
Jeremy M. Downs (ARDC #6272155)
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000 (main)
(312) 332-2196 (fax)