# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*,[2] | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: Tuesday |
| | ) | July 15, 2014, at 9:30 am |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Tuesday, July 15, 2014, at 9:30 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff, or any Judge sitting in his place and stead, United States Bankruptcy Judge, in Room 744 of the United States Bankruptcy, 219 South Dearborn, Chicago, Illinois 60604, and shall then and there present *Second and Final Fee Application of Philip V. Martino,* **Chapter *11* Trustee**, a copy of which is herewith served upon you, and at which time and place you may appear as you see fit.

**PHILIP V. MARTINO, TRUSTEE**

Philip V. Martino
Christopher Combest
Quarles & Brady LLP        By:   /s/ Philip V. Martino
300 N. LaSalle Street, Suite 4000         One of his attorneys
Chicago, IL 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155
Philip.martino@quarles.com
christopher.combest@quarles.com

---

[2] Debtors in these Chapter 11 cases are: RWJ Crestwood, LLC; RWJ Downers Grove, LLC; RWJ Elmhurst, LLC; RWJ Forestview, LLC; RWJ Glen Ellyn, LLC; RWJ Management Co., Inc.; RWJ Management Co. II, Inc.; RWJ Munster, LLC; RWJ Plainfield, LLC; RWJ Romeoville, LLC; RWJ Wauconda, LLC, and RWJ Yorkville, LLC.

QB\27564698.1

## CERTIFICATE OF SERVICE

I, Philip V. Martino, an attorney, hereby certify that, on June 23, 2014, I filed, via the Court's CM/ECF System, the following papers:

COVER SHEET FOR APPLICATION FOR TRUSTEE'S SECOND AND FINAL REQUEST FOR PROFESSIONAL COMPENSATION; and

NOTICE OF MOTION AND SECOND AND FINAL FEE APPLICATION OF PHILIP V. MARTINO, CHAPTER 11 TRUSTEE.

The foregoing were served on June 23, 2014, via the Court's CM/ECF System, upon the parties listed below, to whom the System automatically delivered an electronic copy of the foregoing at the following electronic mail addresses:

- Steven A Andersson saa@mickeywilson.com
- Debra Devassy Babu ddevassy@askounisdarcy.com
- Richard A Bixter richard.bixter@hklaw.com
- Ronald J Broida lawyers@broida-law.com, lawyers@broida-law.com
- Alexander F Brougham abrougham@ag-ltd.com
- Christopher M Cahill ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- Kurt M Carlson kcarlson@carlsondash.com, knoonan@carlsondash.com
- Mark A Carter mac@ag-ltd.com, lhope@ag-ltd.com
- Carmen D Caruso cdc@cdcaruso.com, sms@cdcaruso.com
- Steven B Chaiken schaiken@ag-ltd.com, lhope@ag-ltd.com
- Rosanne Ciambrone rciambrone@duanemorris.com, jkahane@duanemorris.com
- Alex Darcy adarcy@askounisdarcy.com
- Michael W Debre mdebre@askounisdarcy.com
- Faith Dolgin faith.dolgin@illinois.gov
- Jeremy M Downs jeremy.downs@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- David R Doyle ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Devon J Eggert deggert@freeborn.com, bkdocketing@freeborn.com

- Chester H. Foster chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com
- Joseph D Frank jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com
- Arlene N Gelman agelman@vedderprice.com
- E. Philip Groben pgroben@cohenandkrol.com, trotman@cohenandkrol.com;pmchugh@cohenandkrol.com
- Aaron L. Hammer ahammer@sugarfgh.com, chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian@sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com
- Roger J. Higgins rhiggins@rogerhigginslaw.com
- Stephanie K. Hor-Chen schen@vedderprice.com, ecfdocket@vedderprice.com
- Danielle Juhle danielle.juhle@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Jeremy C Kleinman jkleinman@fgllp.com, ccarpenter@fgllp.com
- Gina B Krol gkrol@cohenandkrol.com, gkrol@cohenandkrol.com;pmchugh@cohenandkrol.com;jneiman@cohenandkrol.com
- Richard S Lauter rlauter@freeborn.com, bkdocketing@freeborn.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- L Katie Mason kmason@reinhartlaw.com, kmason@reinhartlaw.com
- William J McKenna wmckenna@foley.com, thardy@foley.com;khall@foley.com
- Phillip W. Nelson pnelson@edwardswildman.com, ksoto@edwardswildman.com;ECFFilings@edwardswildman.com
- Mark Page mpage@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com;BankruptcyDepartment@Kelleydrye.com
- Lars A Peterson lapeterson@foley.com, khall@foley.com
- Rebecca D. Rosenthal rdr@ag-ltd.com
- Nathan Q. Rugg nrugg@ag-ltd.com, lhope@ag-ltd.com
- Brian L Shaw bshaw100@shawfishman.com, bharrington@shawfishman.com
- David J Simmons ds@greensfelder.com, dmh@greensfelder.com;meg@greensfelder.com;jep@greensfelder.com;tmf@greensfelder.com
- Roman Sukley USTPRegion11.es.ecf@usdoj.gov, roman.l.sukley@usdoj.gov;cameron.g.gulden@usdoj.gov

2

- John R Weiss jrweiss@duanemorris.com

DATED: June 23, 2014        QUARLES & BRADY LLP

/s/ Philip V. Martino
Philip V. Martino (ARDC #06183648)
Christopher Combest (ARDC # 06224701)
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155

3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*,[3] | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | Hearing Date: Tuesday |
| | ) | July 15, 2014, at 9:30 am |

## SECOND AND FINAL FEE APPLICATION OF PHILIP V. MARTINO, CHAPTER 11 TRUSTEE

1. On August 26, 2011, Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the "**Code**").

2. Pursuant to Code §§1107(a) and 1108, the Debtors initially operated their businesses and managed their financial affairs as debtors in possession.

3. On September 7, 2011, the United States Trustee appointed a committee of unsecured creditors (the "**Committee**"); the United States Trustee appointed additional Committee members on November 10, 2011.

4. On March 27, 2013, upon the motion of the United States Trustee, the Court appointed Philip V. Martino to be Debtors' Chapter 11 Trustee, thereby taking Debtors out of possession and placing their assets and businesses under the control of Trustee.

5. Trustee already has filed his first Chapter 11 Interim Fee Application for compensation for services rendered and reimbursement of expenses incurred during the period from March 27, 2013 through June 30, 2013 (Dkt. No. 862). By order dated August 20, 2013,

---

[3] Debtors in these Chapter 11 cases are: RWJ Crestwood, LLC; RWJ Downers Grove, LLC; RWJ Elmhurst, LLC; RWJ Forestview, LLC; RWJ Glen Ellyn, LLC; RWJ Management Co., Inc.; RWJ Management Co. II, Inc.; RWJ Munster, LLC; RWJ Plainfield, LLC; RWJ Romeoville, LLC; RWJ Wauconda, LLC, and RWJ Yorkville, LLC.

QB\27564698.1

this Court granted Trustee interim compensation of $205,705.20 (Dkt. No. 901). That amount has been paid.

6. Trustee submits this Second and Final Fee Application to cover the rest of the Chapter 11, July 1, 2013 through May 26, 2014 (the "**Application Period**").

7. This case converted to Chapter 7 on May 27, 2014 (Dkt. No. 1070) and Trustee has been reappointed chapter 7 trustee.

8. Consistent with this Court's Amended Order Establishing Procedure (Dkt. No. 759), Trustee filed the following monthly fee statements (each a "**Monthly Statement**"):

| **Period** | **Dkt. No.** | **Hours** | **Fees Requested** |
|---|---|---|---|
| March/April 2013 | 793 | 147.5 | $100,005.00 |
| May 2013 | 829 | 75.5 | $51,189.00 |
| June 2013 | 859 | 80.4 | $54,511.20 |
| July 2013 | 894 | 62.0 | $37,832.40 |
| August 2013 | 942 | 20.4 | $13,831.20 |
| September 2013 | 958 | 15.2 | $7,695.00 |
| October 2013 | 964 | 7.5 | $5,670.00 |

Per his agreement with Debtor's secured creditor and Committee, Trustee has agreed to accept compensation at 120% of his standard hourly rate ($565 through September 30, 2013; $630 thereafter). This limitation has capped Trustee's total compensation at $306,114.60, which is substantially less than the approximately $2,148,000.00 allowable under the statutory formula of Code Section 326(a) based on over $71,600,000.00 in disbursements during his chapter 11 tenure ($71,600,000.00 x .03 = $2,148,000.00).

9. During the period covered by Trustee's First Interim Fee Application, Trustee requested and received $205,705.20 in compensation for 303.4 hours expended in connection with this estate, based on disbursements in excess of $26.9 million.

2

QB\27564698.1

10. During the instant Application Period, Trustee expended an additional 151.9 hours in connection with this estate for which he seeks compensation of $100,409.40. A month by month itemization of services rendered during the Application Period is attached as **Composite Exhibit A**. During the Application Period, Trustee disbursed in excess of $44.7 million to estate creditors. Thus, Trustee's requested Chapter 11 compensation of $100,409.40 for the Application Period, is substantially less than 3% of disbursements made during that time ($44,700,000.00 x .03 = $1,341,000.00).

11. All of the estate's tangible assets have been sold, with most of the proceeds remitted to Debtor's secured creditor. From those proceeds, however, that creditor allowed certain carve outs, which will be used to pay professional fees and chapter 11 administrative expense. As of May 27, 2014 (the date of conversion), Trustee was holding $285,927.61 from the secured creditor's sale proceeds. (That amount was <u>excluded</u> from Trustee's calculation of total disbursements during the Chapter 11 case.) All professional fees will be paid, directly or indirectly, from the sale proceeds that otherwise would have been paid to Debtors' secured creditor.

12. As no professionals in this almost two year old chapter 11 have allocated their time among the twelve debtor estates, Trustee has attempted no such allocation. To be sure, any allocation would be artificial given that almost all of the services rendered were essentially equally divided between the two operating debtors. Trustee expects that he will file "no assets" reports for the 10 debtors that did not operate, and he will divide his chapter 7 time equally between the two (formerly) operating entities.

13. Trustee's Affidavit in Support of this Application is attached hereto as **Exhibit B**.

14. Trustee reserves the right to correct, amend or supplement this Second and Final Application in response to objections or the posting of late entered time or expense data.

3

15. Trustee, Q&B ("**Q&B**") and Committee counsel (Freeborn & Peters) have agreed to subordinate payment of a substantial amount of the unpaid balance due them to all Chapter 11 trade debt. Specifically, Trustee has agreed to subordinate $35,380.80 for 46.8 hours of services rendered since November 1, 2013. Q&B has agreed to subordinate $110,454.50 for 258.1 hours of services rendered since November 1, 2013. Freeborn has agreed to subordinate $114,663.50 for all 270.9 hours of services rendered as counsel to the Committee since November 1, 2013.

16. As stated above, Trustee currently holds $285,927.61 after paying all known Chapter 11 trade debt except disputed amounts asserted by Commonwealth Edison and fees owed, but not yet due, to the Office of the United States Trustee. Assuming the final Chapter 11 fee applications of Trustee, Q&B and Freeborn (as Committee counsel) are allowed in the requested amounts, they request the following additional payments (total Chapter 11 fees; less interim fees already paid; subordinated Chapter 11 fees):

| | | | | |
|---|---|---|---|---|
| Trustee: | $8,154.60 | ($306,114.60 | - $262,578.10 | - $35,380.80) |
| Q&B: | $15,806.50 | ($642,428.50 | - $516,167.50 | - $110,454.50) |
| Freeborn | $10,857.41 | ($741,248.50 | - $615,727.59 | - $114,663.50) |

17. Trustee reserves the right to correct, amend or supplement this Final Application in response to objections or the posting of late entered time or expense data.

[Balance of page intentionally left blank]

4

**WHEREFORE**, Trustee requests that this Court enter an order allowing him final Chapter 11 compensation of $306,114.60, less $262,578.10 already paid, and for such further relief as is reasonable and just. As stated above, Trustee has agreed to voluntarily subordinate payment of $35,380.80 of that amount to assure that all Chapter 11 trade debt is paid in full.

Dated: June 23, 2014                              PHILIP V. MARTINO, as Trustee

                                                  By:   /s/ Philip V. Martino
                                                        One of his attorneys

Philip V. Martino
Christopher Combest
Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155
christopher.combest@quarles.com

5