# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*. | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: July 15, 2014 at 9:30 a.m. |
| | ) | |

## NOTICE OF EIGHTH INTERIM AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND SPECIAL COUNSEL TO CHAPTER 11 TRUSTEE, AND REQUEST FOR APPROVAL OF LIMITED NOTICE

To:     Service List

PLEASE TAKE NOTICE that on June 24, 2014, Freeborn & Peters LLP ("*F&P*") as counsel to the Official Committee of Unsecured Creditors (the "*Committee*") of RWJ Management Co., Inc. and its affiliated debtor entities (the "*Debtors*") and special counsel to Philip V. Martino (the "*Chapter 11 Trustee*"), the duly appointed Chapter 11 Trustee for the Debtors' estates, filed its *Eighth Interim and Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Special Counsel to the Chapter 11 Trustee* (the "*Final Fee Application*") with the United States Bankruptcy Court for the Northern District of Illinois.  Through the Final Fee Application, F&P seeks entry of an order (a) for allowance and final approval of $735,619.13 in compensation for legal services rendered by F&P to the Committee for the period of September 6, 2011 through May 23, 2014 (the "*Committee Fee Application Period*"), and reimbursement of $9,369.66 for actual and necessary expenses incurred by F&P during the Committee Fee Application Period; (b) for allowance and final approval of $13,905.00 in compensation for legal services rendered by F&P as special counsel to the Chapter 11 Trustee for the period of March 24, 2014 through May 23, 2014 (the "*Trustee Fee Application Period*") and reimbursement of $2,637.00 for actual and necessary expenses incurred by F&P during the Trustee Fee Application Period; (c) authorizing and directing the Chapter 7 Trustee (defined below) to pay F&P compensation and reimbursement of expenses in the aggregate amount of $14,597.70, for compensation and expenses incurred on behalf of the Committee; and (d) authorizing and directing the Chapter 7 Trustee (defined below) to pay F&P compensation and reimbursement of expenses in the aggregate amount of $16,542.00, for compensation and expenses incurred as special counsel to the Chapter 11 Trustee from the Special Counsel Retainer (as defined below).

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Final Fee Application will take place before the Honorable Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 644, Chicago, Illinois on July 15, 2014, at 9:30 a.m.

Objections, if any, to the relief requested in the Final Fee Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Final Fee Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Final Fee Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn:  Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 24, 2014                    **FREEBORN & PETERS LLP**


By:  _____/s/ Devon J. Eggert_____
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312.360.6000
Facsimile:   312.360.6520

2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al.* | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: July 15, 2014 at 9:30 a.m. |
| | ) | |

## CERTIFICATE OF SERVICE

I, Devon J. Eggert, an attorney, hereby certify that on June 24, 2014, I caused the attached *Notice of Application* to be served on all parties listed on the creditor matrix in the above-referenced matter, and the *Notice of Application* and the *Eighth Interim and Final Fee Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured Creditors and Special Counsel to the Chapter 11 Trustee, and Request for Approval of Limited Notice* to be filed with the Court and served upon the following parties by the manner listed.

                    /s/ Devon J. Eggert

## Service List

### CM/ECF Notice List

| | |
|---|---|
| Debra Devassy Babu | ddevassy@askounisdarcy.com |
| Sarah Baker | sarah.baker@quarles.com |
| Lauren N. Beslow | Lauren.Beslow@quarles.com |
| Richard A Bixter | richard.bixter@hklaw.com |
| Alexander F. Brougham | abrougham@ag-ltd.com |
| Christopher M. Cahill | ccahill@lowis-gellen.com |
| Kurt M Carlson | kcarlson@carlsondash.com |
| Mark A. Carter | mac@ag-ltd.com |
| Carmen D Caruso | cdc@cdcaruso.com |
| Steven B. Chaiken | schaiken@ag-ltd.com |
| Rosanne Ciambrone | rciambrone@duanemorris.com |
| Christopher Combest | christopher.combest@quarles.com |
| Alex Darcy | adarcy@askounisdarcy.com |
| Michael W. Debre | mdebre@askounisdarcy.com |
| Faith Dolgin | faith.dolgin@illinois.gov |
| Jeremy M. Downs | jeremy.downs@goldbergkohn.com |
| David R. Doyle | ddoyle@shawfishman.com |

Joseph D Frank          jfrank@fgllp.com
Arelen N. Gelman        agelman@vedderprice.com
Aaron L Hammer          ahammer@sugarfgh.com
Roger J. Higgins        rhiggins@rogerhigginslaw.com
Stephanie K. Hor-Chen        schen@vedderprice.com
Danielle Juhle          danielle.juhle@goldbergkohn.com
Jeremy C Kleinman       jkleinman@fgllp.com
Gina B. Krol            gkrol@cohenandkrol.com
Richard S. Lauter       rlauter@freebornpeters.com
Philip V. Martino       Philip.martino@quarles.com
L. Katie Mason          kmason@reinhartlaw.com
Phillip W. Nelson       pnelson@edwarswildman.com
Mark Page               mpage@kelleydrye.com
Lars A. Peterson        lapeterson@foley.com
Rebecca D. Rosenthal    rdr@ag-ltd.com
Nathan Q. Rugg          nqr@ag-ltd.com
Brian L. Shaw           bshaw100@shawfishman.com
David J Simmons         ds@greensfelder.com
Roman Sukley            USTRegion11.ES.ECF@usdoj.gov
John R Weiss            jrweiss@duanemorris.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al.* | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: July 15, 2014 at 9:30 a.m. |
| | ) | |

**EIGHTH INTERIM AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND SPECIAL COUNSEL TO CHAPTER 11 TRUSTEE, AND
REQUEST FOR APPROVAL OF LIMITED NOTICE**

Freeborn & Peters LLP ("*F&P*") as counsel to the Official Committee of Unsecured

Creditors (the "*Committee*") of RWJ Management Co., Inc. and its affiliated debtor entities (the

"*Debtors*") and as special counsel to Philip V. Martino (the "*Chapter 11 Trustee*"), the duly

appointed Chapter 11 Trustee for the Debtors' estates, filed its *Eighth Interim and Final Fee*

*Application of Freeborn & Peters LLP as Counsel to the Official Committee of Unsecured*

*Creditors and Special Counsel to the Chapter 11 Trustee* (the "*Final Fee Application*"),  (a) for

allowance and final approval of $735,619.13 in compensation for legal services rendered by F&P

to the Committee for the period of September 6, 2011 through May 23, 2014 (the "*Committee*

*Fee Application Period*"), and reimbursement of $9,369.66 for actual and necessary expenses

incurred by F&P during the Committee Fee Application Period; (b) for allowance and final

approval of $13,905.00 in compensation for legal services rendered by F&P as special counsel to

the Chapter 11 Trustee for the period of March 24, 2014 through May 23, 2014 (the "*Trustee Fee*

*Application Period*" together with the Committee Fee Application Period the "*Fee Application*

*Periods*") and reimbursement of $2,637.00 for actual and necessary expenses incurred by F&P

during the Trustee Fee Application Period; (c) authorizing and directing the Chapter 7 Trustee (defined below) to pay F&P compensation and reimbursement of expenses in the aggregate amount of $14,597.70 representing all unpaid, unsubordinated compensation and expenses incurred on behalf of the Committee; and (d) authorizing and the Chapter 7 Trustee to pay F&P compensation and reimbursement of expenses in the aggregate amount of $16,542.00 from the Special Counsel Retainer (as defined below), representing all unpaid compensation and expenses incurred on behalf of the Chapter 11 Trustee for the Trustee Fee Application Period.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.  This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code.  Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2.      The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

### I.      General Case Background

3.      On August 26, 2011 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.  On August 31, 2011, the Court ordered the joint administration of the cases.

6

4.      On September 6, 2011, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code.   On September 6, 2011, the Committee selected F&P as its counsel.   On September 21, 2011, the Court entered an order (the "*Approval Order*") approving F&P's employment, effective as of September 6, 2011.

5.      On March 27, 2013, the Court appointed Philip V. Martino (the "*Chapter 11 Trustee*") as chapter 11 trustee in the Debtors' cases.

6.      On May 23, 2014, the Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code.

7.      On May 27, 2014, the U.S. Trustee appointed the Chapter 11 Trustee as the duly appointed chapter 7 trustee (the "*Chapter 7 Trustee*") for the Debtors' cases.

**II.      Compensation Procedures and Prior F&P Fee Applications as Committee Counsel**

8.      On April 17, 2013, the Court entered the Amended Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Committee Members (the "*Amended Compensation Procedures Order*").

9.      The Amended Compensation Procedures Order provides that a professional may file and serve a monthly fee statement with the Court on or before the twentieth (20th) day of each month following the month for which compensation is sought.   Provided that there are no objections filed within twenty (20) days following the date of filing the monthly fee statement, the Trustee is authorized to pay such professional ninety percent (90%) of the fees and one hundred percent (100%) of the expenses requested in such statement.

10.     On February 28, 2012, the Court entered an order granting F&P's *First Interim Fee Application* on behalf of the Committee, allowing $114,758.50 in fees and $439.88 in expenses incurred between September 6, 2011 and November 30, 2011.

11.     On May 15, 2012, the Court entered an order granting F&P's *Second Interim Fee Application* on behalf of the Committee, allowing $45,162.54 in fees and $98.30 in expenses incurred between December 1, 2011 and February 29, 2012.

12.     On August 14, 2012, the Court entered an order granting F&P's *Third Interim Fee Application* on behalf of the Committee, allowing $53,316.09 in fees and $22.25 in expenses incurred between March 1, 2012 and May 31, 2012.

13.     On October 17, 2012, the Court entered an order granting F&P's *Fourth Interim Fee Application* on behalf of the Committee, allowing $75,886.50 in fees for the period between June 1, 2012 and August 31, 2012.

14.     On April 17, 2013, the Court entered an order granting F&P's *Fifth Interim Fee Application* on behalf of the Committee, allowing $84,145.50 in fees and $19.15 in expenses incurred between September 1, 2012 and November 30, 2012.

15.     On May 8, 2013, the Court entered an order granting F&P's *Sixth Interim Fee Application* on behalf of the Committee, allowing $89,978.00 in fees and $10.85 in expenses incurred between December 1, 2012 and March 31, 2013.

16.     On August 20, 2013, the Court entered an order granting F&P's *Seventh Interim Fee Application* on behalf of the Committee, allowing $75,320.50 in fees and $26.65 in expenses incurred between April 1, 2013 and June 30, 2013.

17.     Pursuant to the Amended Compensation Procedures Order, F&P filed monthly statements (the "*Monthly Statements*") for July 2013 through December 2013 requesting interim compensation of fees and expenses in the total aggregate amount of $98,058.88.

18.     F&P has not previously sought approval for the fees and expenses incurred on behalf of the Committee for the period of July 1, 2013 through May 23, 2014.  During that period, F&P performed services on behalf of the Committee in the aggregate amount of $197,051.50, and incurred expenses in the aggregate amount of $8,752.58.

19.     As of the date of this Final Fee Application, F&P has received $615,727.59 on account of the Interim Fee Applications and Monthly Statements, consisting of $607,863.13 in fees and $7,864.46 in expenses.

## III.     F&P's Retention as Special Counsel to the Chapter 11 Trustee

20.     On April 29, 2014, the Court entered an order (the "*Special Counsel Order*") approving F&P as special counsel to the Chapter 11 Trustee relating to the prosecution of certain causes of actions against third parties, effective as of March 24, 2014.

21.     On May 7, 2014, this Court entered that certain *Agreed Order and Stipulation* (the "*May 7 Order*")*,* which resolved the Motion of Monty SPV, LLC and Capital Crossing Service Company, LLC to Enforce Final DIP Financing Order.  Pursuant to the May 7 Order, the parties agreed that, *inter alia*, upon conversion of the Debtors' cases to cases under chapter 7, F&P would receive a $50,000 retainer (the "*Special Counsel Retainer*") for services provided in connection with investigating and prosecuting claims and causes of action under chapter 5 of the Bankruptcy Code.

22.     F&P has not previously sought approval for the fees and expenses incurred on behalf of the Chapter 11 Trustee for the Trustee Fee Application Period.  During that period, F&P performed services on behalf of the Chapter 11 Trustee in the aggregate amount of $13,905.00, and incurred expenses in the aggregate amount of $2,637.00.

### RELIEF REQUESTED

**I.      Services Rendered and Expenses Incurred on Behalf of Committee**

23.      This Final Fee Application reflects services rendered, and expenses incurred, by F&P on behalf of the Committee from September 6, 2011 through May 23, 2014, the Committee Fee Application Period.  The Final Fee Application represents F&P's eighth and final request for allowance of compensation and reimbursement of expenses for services rendered on behalf of the Committee.  For the Committee Fee Application Period, F&P seeks final approval of compensation in the amount of $735,619.13 and reimbursable expenses in the amount of $9,369.66, for a total of $744,988.79.

24.      By this Final Fee Application, F&P respectfully requests the entry of an order: (1) allowing F&P $735,619.13 in compensation and $9,369.66 for reimbursement of expenses for the Committee Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and (2) authorizing payment to F&P in the amount of $14,597.70,[1] representing all unpaid and unsubordinated amounts owing to F&P on account of services rendered and expenses incurred during the Committee Fee Application Period.  Detailed time entries for the services rendered by F&P attorneys and paraprofessionals to the Committee during the interim period are attached hereto as Exhibits A-J .[2]

25.      F&P, along with the Chapter 11 Trustee and Quarles & Brady, have agreed to subordinate payment of a substantial amount of the unpaid balance due them to all Chapter 11 trade debt.  Specifically, F&P has agreed to subordinate $114,663.50 for 270.9 hours of services

---

[1]      F&P's unpaid and unsubordinated fees and expenses total $13,092.50 and $1,505.20, respectively.

[2]      F&P hereby incorporates by reference the time detail records attached to its previously filed interim fee applications.

rendered since November 1, 2013.  The Chapter 11 Trustee has agreed to subordinate $35,380.80

for 46.8 hours of services rendered since November 1, 2013.  Q&B has agreed to subordinate

$110,454.50 for 258.1 hours of services rendered to the Committee since November 1, 2013.

26.    F&P understands the Chapter 11 Trustee currently holds $285,927.61 after paying

all known chapter 11 trade debt.  Assuming the final chapter 11 fee applications of F&P, the

Chapter 11 Trustee, and Quarles & Brady are allowed in the requested amounts, they request the

following additional payments (total Chapter 11 fees; less interim fees already paid; subordinated

Chapter 11 fees):

F&P:                $13,092.50 ($735,619.13 - $607,863.13 - $114,663.50)

Chapter 11 Trustee:  $8,154.60 ($306,114.60 - $262,578.10 - $35,380.80)

Quarles & Brady:    $15,806.50 ($642,428.50 - $516,167.50 - $110,454.50)


## II.    Services Rendered and Expenses Incurred on Behalf of Chapter 11 Trustee

27.    This Final Fee Application also reflects services rendered, and expenses incurred,

by F&P as special counsel to the Chapter 11 Trustee from March 24, 2014 through May 23,

2014, the Trustee Fee Application Period.  This request represents F&P's first and final request

for allowance of compensation and reimbursement of expenses for services rendered as special

counsel to the Chapter 11 Trustee.  For the Trustee Fee Application Period, F&P seeks final

approval of compensation in the amount of $13,905.00 and reimbursable expenses in the amount

of $2,637.00, for a total of $16,542.00.  F&P seeks authority to pay such amounts from the

Special Counsel Retainer.

28.    Detailed time entries for the services provided as special counsel to the Chapter

11 Trustee attached hereto as Exhibits K and L.

## **DISCUSSION**

29.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

30.    The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have

recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

31.    In reviewing the Final Fee Application, the Court should be guided by the

Seventh Circuit's instruction to ascertain whether such services were rendered and billed in

accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the
> medieval just price. It is to determine what the lawyer would receive if he was
> selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

32.     In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

33.     In evaluating the Final Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

34.     F&P's hourly rates of compensation for those attorneys and para-professionals during the Final Fee Application Periods range from $215 to $845 (however, no professional with an hourly rate in excess of $625 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience,

expertise, and standing for similar services in this jurisdiction.  F&P consistently and consciously made every reasonable effort to represent the Committee in the most economical, efficient, and practical manner possible.

## I.    Summary of Compensation Requested on Behalf of Committee

35.    A summary of the compensation F&P requests on behalf of the Committee regarding each of F&P's professionals and para-professionals is set forth below: [3]

| Timekeeper | Title | Year of Illinois Bar Admission | Total Hours | Total Compensation Requested |
|---|---|---|---|---|
| Brandess, Michael A. | Associate | 2009 | 59.6 | $16,390.00 |
| Burnett, Erin | Associate | 2011 | 5.9 | $1,799.50 |
| DeRousse, Shelly | Partner | 2001 | 2.2 | $1,056.00 |
| Eggert, Devon J. | Partner | 2006 | 677.1 | $240,457.00 |
| Fawkes, Thomas R. | Partner | 2002 | 7.1 | $3,745.50 |
| Hammer, Aaron | Partner | 1997 | 46 | $28,750.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | 70.6 | $15,122.00 |
| Isenberg, Shira R. | Senior Counsel | 2003 | 191.4 | $77,715.50 |
| Jackiw, Brian J. | Associate | 2008 | 11.6 | $3,533.50 |
| Janczak, Elizabeth L. | Associate | 2010 | 224.00 | $60,845.00 |
| Lauter, Richard S. | Partner | 1982 | 434.6 | $264,089.00 |
| Morris, Wendy E. | Associate | 2003 | 0.1 | $35.00 |
| Pieper, Laura | Associate | 2001 | 1.2 | $402.00 |
| Schiller, Alex | Litigation Technology | N/A | 2.1 | $525.00 |
| Shalvoy, Christopher | Intern | 2011 | 3.1 | $310.00 |
| Sheahan, Terrence J. | Partner | 1999 | 50.6 | $23,529.00 |
| Sheldon, Kathryn | Paralegal | N/A | 12.9 | $2,944.50 |
| | | **TOTALS:** | **1,800.1** | **$741,248.50** |
| | | **BLENDED RATE:** | | **$411.78** |

---

[3]    F&P notes that the total fees set forth herein total $741,248.50; however, F&P only requests final approval of $735,619.13 in light of this Court's prior interim orders disallowing certain fees.  For the avoidance of doubt, F&P is *not* seeking approval of fees and expenses previously disallowed by the Court in interim orders.

**II.    Summary of Compensation Requested on Behalf of Chapter 11 Trustee**

36.    The Chapter 11 Trustee retained F&P for the limited purpose of preparing and prosecuting certain causes of action against third parties.  For pre-filing investigation of claims against third parties and preparation of avoidance action complaints, the Special Counsel Order provides that F&P will charge its normal hourly rate, less a ten percent (10%) discount (the "*Pre-Filing Services*").  A summary of the compensation requested herein on behalf of the Chapter 11 Trustee regarding Pre-Filing Services is set forth below:

| Pre-Filing Services | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Title** | **Year of Illinois Bar Admission** | **Hourly Rate** | **Hours** | **Total Compensation Requested** |
| Eggert, Devon J. | Associate | 2006 | $370 | 9.7 | $3,589.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | $200 | 17.2 | $3,440.00 |
| Janczak, Elizabeth L. | Associate | 2010 | $290 | 6.1 | $1,769.00 |
| Lauter, Richard S. | Partner | 1982 | $615 | 1.8 | $1,107.00 |
| | | | **TOTALS:** | **34.8** | **$9,905.00** |
| | | | **BLENDED RATE:** | | **$284.63** |

37.    For prosecution of claims and causes of actions against third parties ("*Prosecution of Claims*"), the Special Counsel Order provides that F&P shall charge a flat billing rate of $200/hour for all attorneys and paraprofessionals.  In addition, F&P is entitled to fifteen percent (15%) of all recoveries resulting from the filed actions.  A summary of the hourly compensation requested herein on behalf of the Chapter 11 Trustee regarding Prosecution of Claims is set forth below:

| Prosecution of Claims | | | | | |
|---|---|---|---|---|---|
| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Hours | Total Compensation Requested |
| Eggert, Devon J. | Associate | 2006 | $200 | 5 | $1,000.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | $200 | 8.6 | $1,720.00 |
| Janczak, Elizabeth L. | Associate | 2010 | $200 | 3.8 | $760.00 |
| Lauter, Richard S. | Partner | 1982 | $200 | 2.6 | $520.00 |
| | | | **TOTALS:** | **20.0** | **$4,000.00** |

38.     No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with these cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

39.     F&P reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

## SERVICES PERFORMED

**I.     Summary of Services Performed on Behalf of the Committee**

40.     This Final Fee Application sets forth in detail the work performed by F&P and the time spent during the Committee Fee Application Period.

**A.   General                                            $224,604.50**

41.     F&P spent 538.60 hours at a cost of $224,604.50 on general matters.  This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties-in-interest concerning general case matters, and performing other necessary tasks

typically associated with a committee representation (including performing court filings, maintaining and updating dockets, calendars, and retrieving necessary documents). This category also includes matters which encompass more than one discrete category.

42.     This category also includes time spent addressing issues concerning potential recovery of administrative payments, including substantial litigation against Convenience Management Services, Inc. which led to a contested evidentiary hearing before this Court.

**B.    Litigation**                                                          **$12,643.00**

43.     F&P spent 34 hours at a cost of $12,643.00 on litigation issues. This category consists of time spent preparing potential 2004 examination requests to parties in interest, reviewing similar requests from other parties, reviewing pleadings from the Debtors' adversary proceedings against its fuel jobbers and BP Products North America Inc. ("*BP*"), as well as the parties' pleadings in the state court litigation between the Debtors and BP.

**C.    Creditor Inquiries and Negotiations**              **$31.00**

44.     F&P spent 0.1 hours at a cost of $31.00 on creditor inquiries and negotiations. This category primarily consists of time spent addressing inquiries of unsecured creditors concerning the status of the Debtors' cases

**D.    Secured Creditor Issues**                              **$158,059.00**

45.     F&P spent 369.60 hours at a cost of $158,059.00 on secured creditor issues. This category primarily consists of time relating to the continued use of cash collateral of BMO Harris Bank, N.A. ("*BMO*") and post-petition financing, including attending court hearings and participating in discussions regarding the budgets and the terms of interim court orders entered with respect thereto. This category also includes time spent undertaking a detailed collateral analysis of BMO's interest in the Debtors' assets to ensure BMO properly perfected its liens and interest therein.

### E.    F&P Retention and Fee Applications                    $38,285.00

46.    F&P spent 128.9 hours at a cost of $38,285.00 on F&P retention and fee application matters.  This category includes time spent preparing F&P's retention application, the Interim Fee Applications, and the Monthly Statements.

### F.    Other Professional Retention                    $10,950.00

47.    F&P spent 24.5 hours at a cost of $10,950.00 on other professional retention matters, including time spent relating to the retention of Protiviti Inc., the Committee's financial advisor, filing Protiviti's monthly fee statement, the Debtors' filings with respect to retaining special counsel, and reviewing the fee applications of the Debtors' professionals.

### G.    Plan and Disclosure Statement                    $153,645.50

48.    F&P spent 369.2 hours at a cost of $153,645.50 on plan and disclosure statement issues.  This category includes time spent reviewing and revising the Committee and BMO's draft joint plan of reorganization and accompanying projections, conferences with the Debtors' counsel and BMO's counsel regarding the same, addressing issues concerning exclusivity, revising a plan of liquidation, disclosure statement, and creditor trust agreement and revising solicitation documents.

### H.    Executory Contracts and Unexpired Leases                    $13,110.00

49.    F&P spent 36.7 hours at a cost of $13,110.00 on executory contract and unexpired lease issues.  Time in this category relates to reviewing the motion of BP to compel payment of post-petition lease payments, reviewing certain fuel supply agreements and a motion to reject the same.

### I.   Committee Meetings and Governance                        $26,537.50

50.    F&P spent 61.3 hours at a cost of $26,537.50 on Committee meetings and governance issues.  This category primarily consists of time spent preparing for and conducting meetings of the Committee and addressing inquiries of Committee members.

### J.   Investigation of Operations                        $5,289.50

51.    F&P spent 19.9 hours at a cost of $5,289.50 on investigating the Debtors' operations and formation history for any potential claims or causes of action, and reviewing documents provided by the Chapter 11 Trustee in connection with potential litigation claims.

### K.   Asset Sales                        $84,840.50

52.    F&P spent 177.4 hours at a cost of $84,840.50 on issues concerning asset sales. This category primarily consists of time spent on discussions regarding a potential stalking horse bidder for the Debtors' assets, the parameters of the sale process, reviewing stalking horse offers, reviewing and revising the Debtors' proposed bidding procedures and sale documents and addressing sale closing issues such as allocation of proceeds.

### L.   Schedules and Reports                        $3,229.00

53.    F&P spent 5.8 hours at a cost of $3,229.00 on issues concerning schedules and reports.  This category primarily consists of time spent reviewing and analyzing the Debtors' schedules of assets and liabilities, statements of financial affairs, and monthly operating reports.

### M.   Claims Analysis                        $10,024.00

54.    F&P spent 34.1 hours at a cost of $10,024.00 on claims analysis issues.  This category primarily consists of time spent reviewing proof of claims and drafting objections to claims, including the claims filed by B&R Oil Company and RWJ Enterprises, and addressing claims issues with the Berezny Trust.

## II.      Summary of Services Performed as Special Counsel to the Chapter 11 Trustee

55.      This Final Fee Application also sets forth in detail the work performed by F&P as special counsel to the Chapter 11 Trustee.

### A.   Pre-Filing Services                               $9,905.00

56.      For Pre-Filing Services, the Special Counsel Order provides that F&P will charge its normal hourly rate, less a ten percent (10%) discount.  F&P spent 34.8 hours at a cost of $9,905.00 for Pre-Filing Services, including investigating claims against potential defendants and drafting and filing complaints against nine defendants.

### B.   Prosecution of Claims                             $4,000.00

57.      For Prosecution of Claims, the Special Counsel Order provides that F&P shall charge a flat billing rate of $200/hour for all attorneys and paraprofessionals.  In addition, F&P is entitled to fifteen percent (15%) of all recoveries resulting from the filed actions.

58.      As of the date of this Final Fee Application, F&P has not sought the Court's approval of any settlements or received judgment on any causes of action.  Accordingly, F&P's request for payment of services rendered for Prosecution of Claims is limited to the flat billing rate of $200/hour.

59.      F&P spent 20 hours at a cost of $4,000.00 for Prosecution of Claims, including reviewing defenses submitted by defendants, drafting proposed settlement agreements, and attending hearings on the status of the complaints.  Consequently, F&P requests payment for services rendered on account of Prosecution of Claims in the amount of $4,000.00.

60.      F&P requests total payment on account services rendered for Pre-Filing Services and Prosecution of Claims in the amount of $13,905.00.

## REASONABLE EXPENSES INCURRED

**I.    Summary of Expenses Incurred on Behalf of the Committee**

61.    F&P seeks final approval of reimbursable expenses in the amount of $9,369.66. F&P incurred expenses during the Committee Fee Application Period in the following categories:

(a)    <u>Teleconferencing Expenses</u>:  F&P incurred expenses in the amount of $200.70 for teleconferencing fees.  F&P conducts Committee meetings by telephone, rather than in person, due to the geographic location of the Committee members and the high cost and inconvenience associated with in-person meetings.  F&P uses an outside teleconferencing provider in order to efficiently conduct Committee teleconferences.

(b)    <u>Photocopying</u>:  F&P incurred copying and printing charges in the amount of $7,068.20, relating to, *inter alia*, soliciting the Committee's plan of liquidation.  F&P charges clients $0.10 per copy and maintains a record of in-house copies made through a computerized system.  This procedure requires an operator to key in a client's code number on a keypad attached to the copier.  For large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred.  No such outside copying service was used in this case.

(c)    <u>Postage</u>: F&P incurred postage costs totaling $856.83 in connection with the solicitation of the Committee's plan of liquidation.

(d)    <u>Court Reporting</u>:  F&P incurred costs totaling $1,121.90 in connection with requesting a transcript of the March 20, 2013 hearing on the motion to dismiss or convert the cases and the motion to appoint a chapter 11 trustee, and an expedited transcript of the February 7, 2014 deposition of Roy Strasburger in connection with the Convenience Management Services, Inc. litigation.

(e)    <u>Miscellaneous Expenses</u>:    F&P incurred additional miscellaneous expenses (such as cab fare for working late and delivery charges) in the amount of $122.03 in connection with the services provided to the Committee.

**II.    Summary of Expenses Incurred on Behalf of the Chapter 11 Trustee**

62.    During the Trustee Fee Application Period, F&P incurred expenses relating to the filing of the nine adversary complaints in the amount of $2,637.00 for filing fees.

63.    All expenses incurred by F&P in connection with its representation of the Committee and the Chapter 11 Trustee were ordinary and necessary expenses.  These expenses were billed in the same manner as F&P bills non-bankruptcy clients.

64.    F&P does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into F&P's hourly rates.  F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

<u>**BENEFIT TO THE ESTATES**</u>

65.    During the Committee Fee Application Period, F&P assisted the Committee in, *inter alia*, working with parties-in-interest to effectuate the sale of substantially all the Debtors' assets, prepare and file a plan of liquidation, oppose the Debtors' motion to convert the cases and objecting to certain claims filed against the Debtors' estates.  F&P submits that the services performed during the chapter 11 cases provided a significant benefit to the Debtors' estates and creditors by ensuring that estate assets were properly preserved its efforts maximized the value of the estate for the benefit of all parties in interest.

66.     Similarly, during the Trustee Fee Application Period, F&P assisted the Chapter 11 Trustee to investigate potential causes of action and file avoidance actions in order to maximize the value of the Debtors' estates for the benefit of creditors.  F&P submits that its services on behalf of the Chapter 11 Trustee provided and continue to provide a benefit to the Debtors' estates.

## NOTICE

67.     F&P will serve notice of this Final Fee Application on counsel for the Debtors, the U.S. Trustee, Chapter 11 Trustee, BMO and all parties that have requested notice in these Cases.  Bankruptcy Rule 2002(a)(6) requires twenty-one days' notice of applications for compensation to all creditors.  Given the number of creditors in these Cases and the interim nature of the relief sought herein, however, F&P submits that the notice provided is sufficient under the circumstances, and thus requests that the Court approve the limited notice given for this Final Fee Application.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a)  With respect to its representation of the Committee:

  (1)  allowing F&P, on a final basis, $735,619.13 in compensation for the Committee Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

  (2)  allowing F&P, on a final basis, $9,369.66 in reimbursable expenses for the Committee Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

  (3)  authorizing payment to F&P of $14,597.70 representing all amounts requested herein for the Committee Fee Application Period, less any amounts previously

received and amounts F&P has agreed to subordinate to the payment of allowed

chapter 11 trade debt;

(b) With respect to its representation of the Chapter 11 Trustee

    (1) allowing F&P, on a final basis, $13,905.00 in compensation for the Trustee Fee

    Application Period as chapter 11 administrative expenses of the Debtors' estates

    pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

    (2) allowing F&P, on a final basis, $2,637.00 in reimbursable expenses for the

    Trustee Fee Application Period as chapter 11 administrative expenses of the

    Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy

    Code;

    (3) authorizing payment to F&P of $16,542.00 to be paid from the Special Counsel

    Retainer, representing all amounts requested herein for the Trustee Fee

    Application Period;

(c) approving limited notice of this Final Fee Application; and

(d) granting such other and further relief as the Court deems just and proper.

Dated:  June 24, 2014                    **FREEBORN & PETERS LLP**

By:   /s/ Devon J. Eggert
        One of Its Attorneys

Richard S. Lauter (No. 6182859)
Devon J. Eggert (No. 6289425)
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile:  312.360.6995
rlauter@freeborn.com
deggert@freeborn.com

*Counsel to the Committee and Special*
*Counsel to the Chapter 11 Trustee*