**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al.* | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: July 15, 2014 at 9:30 a.m. |
| | ) | |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF PROTIVITI INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

To:   Service List

PLEASE TAKE NOTICE that on July 15, 2014, Protiviti Inc. ("*Protiviti*"), financial advisor to the Official Committee of Unsecured Creditors (the "*Committee*") of RWJ Management Co., Inc. and its affiliated debtor entities (the "*Debtors*"), filed the *First and Final Fee Application of Protiviti Inc. as Counsel to the Official Committee of Unsecured Creditors, and Request for Approval of Limited Notice* (the "*Final Fee Application*") with the United States Bankruptcy Court for the Northern District of Illinois.  Through the Final Fee Application, Protiviti seeks entry of an order (a) for allowance and final approval of $75,000.00 in compensation for financial advisory services rendered by Protiviti to the Committee for the period of September 8, 2011 through May 23, 2014 (the "*Fee Application Period*"); and (b) authorizing and directing the Chapter 7 Trustee (defined below) to pay Protiviti compensation in the amount of $50,000.00, representing all unpaid compensation and expenses incurred on behalf of the Committee.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Final Fee Application will take place before the Honorable Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 644, Chicago, Illinois on July 15, 2014, at 9:30 a.m.

Objections, if any, to the relief requested in the Final Fee Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Final Fee Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Final Fee Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn:  Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 24, 2014   **FREEBORN & PETERS LLP**

By:   /s/ Devon J. Eggert
Richard S. Lauter (No. 6182859)
Devon J. Eggert (No. 6289425)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312.360.6000
Facsimile:   312.360.6520

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al.* | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: July 15, 2014 at 9:30 a.m. |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Devon J. Eggert, an attorney, hereby certify that on June 24, 2014, I caused the attached *Notice of Application* to be served on all parties listed on the creditor matrix in the above-referenced matter, and the *Notice of Application* and the *First and Final Fee Application of Protiviti Inc. as Financial Advisor to the Official Committee of Unsecured Creditors, and Request for Approval of Limited Notice* to be filed with the Court and served upon the following parties by the manner listed.

/s/ Devon J. Eggert

**Service List**

**CM/ECF Notice List**

Debra Devassy Babu    ddevassy@askounisdarcy.com
Sarah Baker           sarah.baker@quarles.com
Lauren N. Beslow      Lauren.Beslow@quarles.com
Richard A Bixter      richard.bixter@hklaw.com
Alexander F. Broughham    abrougham@ag-ltd.com
Christopher M. Cahill ccahill@lowis-gellen.com
Kurt M Carlson        kcarlson@carlsondash.com
Mark A. Carter        mac@ag-ltd.com
Carmen D Caruso       cdc@cdcaruso.com
Steven B. Chaiken     schaiken@ag-ltd.com
Rosanne Ciambrone     rciambrone@duanemorris.com
Christopher Combest   christopher.combest@quarles.com
Alex Darcy            adarcy@askounisdarcy.com
Michael W. Debre      mdebre@askounisdarcy.com
Faith Dolgin          faith.dolgin@illinois.gov
Jeremy M. Downs       jeremy.downs@goldbergkohn.com
David R. Doyle        ddoyle@shawfishman.com

3

| | |
|---|---|
| Joseph D Frank | jfrank@fgllp.com |
| Arelen N. Gelman | agelman@vedderprice.com |
| Aaron L Hammer | ahammer@sugarfgh.com |
| Roger J. Higgins | rhiggins@rogerhigginslaw.com |
| Stephanie K. Hor-Chen | schen@vedderprice.com |
| Danielle Juhle | danielle.juhle@goldbergkohn.com |
| Jeremy C Kleinman | jkleinman@fgllp.com |
| Gina B. Krol | gkrol@cohenandkrol.com |
| Richard S. Lauter | rlauter@freebornpeters.com |
| Philip V. Martino | Philip.martino@quarles.com |
| L. Katie Mason | kmason@reinhartlaw.com |
| Phillip W. Nelson | pnelson@edwarswildman.com |
| Mark Page | mpage@kelleydrye.com |
| Lars A. Peterson | lapeterson@foley.com |
| Rebecca D. Rosenthal | rdr@ag-ltd.com |
| Nathan Q. Rugg | nqr@ag-ltd.com |
| Brian L. Shaw | bshaw100@shawfishman.com |
| David J Simmons | ds@greensfelder.com |
| Roman Sukley | USTRegion11.ES.ECF@usdoj.gov |
| John R Weiss | jrweiss@duanemorris.com |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*. | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: July 15, 2014 at 9:30 a.m. |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF PROTIVITI INC. AS
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

Protiviti Inc. ("*Protiviti*") as financial advisor to the Official Committee of Unsecured Creditors (the "*Committee*") of RWJ Management Co., Inc. and its affiliated debtor entities (the "*Debtors*"), by and through counsel to the Committee, hereby files the *First and Final Fee Application of Protiviti Inc. as Financial Advisor to the Official Committee of Unsecured Creditors and Request for Approval of Limited Notice* (the "*Final Fee Application*"), seeking entry of an order (a) for allowance and final approval of $75,000.00 in compensation for financial advisory services rendered by Protiviti to the Committee for the period of September 8, 2011 through May 23, 2014 (the "*Fee Application Period*"); and (b) authorizing and directing the Chapter 7 Trustee (defined below) to pay Protiviti compensation in the amount of $50,000.00, representing all unpaid compensation and expenses incurred on behalf of the Committee. In support of the Final Fee Application, Protiviti states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section

5

157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

### I. General Case Background

3. On August 26, 2011 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. On August 31, 2011, the Court ordered the joint administration of the cases.

4. On September 6, 2011, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code. On September 6, 2011, the Committee selected F&P as its counsel.

5. On September 28, 2011, the Court entered an order (the "*Approval Order*") approving Protiviti's retention as the Committee's financial advisor retroactive to September 8, 2011.

6. On March 27, 2013, the Court appointed Philip V. Martino (the "*Chapter 11 Trustee*") as chapter 11 trustee in the Debtors' cases.

7.  On July 17, 2013, the chapter 11 Trustee sold substantially all of the Debtors' assets. Pursuant to agreement with the Debtors' secured creditor, $50,000.00 was withheld from the asset sales proceeds to pay Protiviti's outstanding fees.

8.  On May 23, 2013, the Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code.

9.  On May 27, 2014, the U.S. Trustee appointed the Philip V. Martino as the duly appointed chapter 7 trustee (the "*Chapter 7 Trustee*") for the Debtors' cases.

## II.  Monthly Fee Statement and Payments

10.  On November 21, 2011, Protiviti, by and through the Committee, filed its *First Monthly Fee Statement* seeking payment of $25,000. As of the date of this Final Fee Application, Protiviti has received $25,000 on account of the First Monthly Fee Statement.

11.  Protiviti has not previously filed an application for compensation for the fees incurred on behalf of the Committee for the period of September 8, 2011 through May 23, 2014. During that period, Protiviti performed services in the amount of $165,254.50. Protiviti has agreed that it will not seek payment of more than $75,000.00 for the services provided during these chapter 11 cases.

## RELIEF REQUESTED

12.  This Final Fee Application reflects services rendered by Protiviti on behalf of the Committee from September 8, 2011 through May 23, 2014, the Fee Application Period. The Final Fee Application represents Protiviti's first and final request for allowance of compensation and reimbursement of expenses for services rendered on behalf of the Committee.

13.  By this Final Fee Application, Protiviti respectfully requests the entry of an order: (1) allowing Protiviti, on a final basis, $75,000.00 in compensation as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy

Code; and (2) authorizing payment to Protiviti in the amount of $50,000.00, representing all unpaid amounts owing to Protiviti on account of services rendered and expenses incurred during the Fee Application Period.

## **COMPENSATION FOR PROFESSIONAL SERVICES**

14.     Section 330(a) of the Bankruptcy Code governs compensation of professionals that work on behalf of a chapter 11 estate and provides that the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(1)     The time spent on such services;

(2)     The rates charged for such services;

(3)     Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

(4)     Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(5)     Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

15.     Protiviti rendered substantial and valuable professional services to the Committee that have benefitted the creditors of the Debtors' estates.  F&P submits that Protiviti's services were provided with the requisite level of skill and were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problems, issues, and tasks addressed.

8

16. Pursuant to the Approval Order, Protiviti charged for its services in accordance with its customary hourly rates in effect at the time services were provided. Protiviti's rates ranged between $100-$620 per hour for the Fee Application Period. F&P submits that Provititi's hourly rates are reasonable based on the customary fees charged by comparably skilled practitioners for financial advisory services. Accordingly, the compensation and expense reimbursement requested herein reflect the reasonable value of the services Protiviti provided to the Committee.

17. Attached hereto as Exhibit A is a summary of the name and position of each Protiviti employee who provided services to the Committee in these cases, the total hours billed by each individual, the average hourly rates for each individual, and the total amount billed by each individual.

18. Attached hereto as Exhibit B is a summary of the fees Protiviti charged for each of the nine task categories discussed below. To the extent possible, Protiviti described each specific task and separately allocated the time attributable to that task. Where the nature of certain tasks and the circumstances surrounding their performance did not allow for individual time entries, aggregate time entries were used.

19. Attached hereto as Exhibit C are Protiviti's detailed billing statements divided by task category.

## SERVICES PERFORMED

20. This Final Fee Application sets forth in detail the work performed by Protiviti and the time spent during the Fee Application Period.

**A.    Asset Analysis and Recovery** $32,490.50

21. Protiviti spent 89.8 hours at a cost of $32,490.50 on matters concerning asset analysis and recovery. This category primarily includes time spent identifying and reviewing potential assets of the estates, including causes of action and non-litigation recoveries.

**B.    Asset Disposition** $2,552.50

22. Protiviti spent 7.6 hours at a cost of $2,552.50 on matters concerning asset disposition. This category primarily includes time spent with respect to sales, leases, abandonment and related transactional work.

**C.    Case Administration** $12,806.00

23. Protiviti spent 36.1 hours at a cost of $12,806.00 on case administration matters. This category primarily includes time spent with respect to coordination and compliance activities, including preparation of schedules, contract lists, reports, and general creditor issues.

**D.    Claims Administration and Objections** $5,494.50

24. Protiviti spent 18.0 hours at a cost of $5,494.50 on matters relating to claims administration and objection. This category primarily includes time spent with respect to specific claim inquiries, bar date motions, analyses, objections, and allowance of claims.

**D.    Fee/Employment Applications** $5,838.50

25. Protiviti spent 18.4 hours at a cost of $5,838.50 on matters relating to fee and employment applications. This category primarily includes time spent preparing engagement letters, employment applications, and preparing exhibits to fee applications.

**F.      Committee Meetings**                                                             **$21,453.50**

26.     Protiviti spent 52.9 hours at a cost of $21,453.50 on matters relating to Committee meetings. This category primarily includes time spent preparing for and attending Committee meetings.

**G.      Plan and Disclosure Statement**                                                  **$13,945.50**

27.     Protiviti spent 37.3 hours at a cost of $13,945.50 on matters relating to plans and disclosure statements.  This category primarily includes time spent reviewing and revising liquidation analyses in connection with a proposed plan, addressing plan valuation issues, and reviewing lease issues associated with the plan.

**H.      Accounting/Auditing**                                                            **$43,145.50**

28.     Protiviti spent 132.6 hours at a cost of $43,145.50 on accounting and auditing matters.  This category primarily includes time spent reviewing and analyzing variance reports, balance sheets, cash collateral budgets, cash flow reports, and related financial documentation of the Debtors.

**I.      Data Analysis**                                                                  **$27,528.00**

29.     Protiviti spent 68.8 hours at a cost of $27,528.00 on data analysis matters. This category primarily includes time spent reviewing tax return information, monthly operating reports, and related docket filings.

**BENEFIT TO THE ESTATES**

30.     During the Fee Application Period, Protiviti assisted the Committee in, *inter alia*, analyzing proposed cash collateral orders, reviewing and analyzing proposed budgets, reviewing and revising liquidation analyses in connection with the proposed plan of liquidation and sale of the Debtors' assets in these cases, and preparing claims analyses. F&P submits that the services performed during the Fee Application Period provided a significant benefit to the

Committee and the Debtors' estates and creditors by ensuring that estate assets were properly preserved for the benefit of all parties in interest.

## NOTICE

31. F&P will serve notice of this Final Fee Application on counsel for the Debtors, the U.S. Trustee, Chapter 7 Trustee, BMO and all parties that have requested notice in these Cases. Bankruptcy Rule 2002(a)(6) requires twenty-one days' notice of applications for compensation to all creditors. Given the number of creditors in these cases, however, F&P submits that the notice provided is sufficient under the circumstances, and thus requests that the Court approve the limited notice given for this Final Fee Application.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a) allowing Protiviti, on a final basis, $75,000.00 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) authorizing payment to Protiviti of $50,000.00, representing all unpaid compensation and expenses incurred on behalf of the Committee;

(c) approving the limited notice requested herein; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: June 24, 2014 **FREEBORN & PETERS LLP**

By:   /s/ Devon J. Eggert
    One of Its Attorneys

    Richard S. Lauter (No. 6182859)
    Devon J. Eggert (No. 6289425)
    FREEBORN & PETERS LLP
    311 South Wacker Drive, Ste. 3000
    Chicago, Illinois 60606-6677
    Telephone: 312.360.6000
    Facsimile: 312.360.6995
    rlauter@freeborn.com
    deggert@freeborn.com

    *Counsel to the Committee*