**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*. | ) | Case No. 11-34845 |
| | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: March 31, 2015 at 9:30 a.m. |
| | ) | |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF FREEBORN &
PETERS LLP AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE,
AND REQUEST FOR APPROVAL OF LIMITED NOTICE**

To:    Service List

PLEASE TAKE NOTICE that on March 31, 2015, Freeborn & Peters LLP ("*F&P*") as special counsel to Philip V. Martino, the duly appointed and serving Chapter 7 Trustee for the estates of RWJ Management Co., Inc. and its affiliated debtor entities (the "*Debtors*"), filed its *First and Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee* (the "*Final Fee Application*") with the United States Bankruptcy Court for the Northern District of Illinois. Through the Final Fee Application, F&P seeks entry of an order (a) for allowance and final approval of $109,127.50 in compensation for legal services rendered by F&P to the Trustee for the period of May 27, 2014 through March 31, 2015 (the "*Fee Application Period*"), and reimbursement of $3,132.49 for actual and necessary expenses incurred by F&P during the Fee Application Period, and (b) authorizing the Trustee to pay F&P compensation and reimbursement of expenses in the aggregate amount of $112,259.99.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Final Fee Application will take place before the Honorable Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in his place and stead, at 219 South Dearborn Street, Courtroom 644, Chicago, Illinois on March 31, 2015, at 9:30 a.m.

Objections, if any, to the relief requested in the Final Fee Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Final Fee Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Final Fee Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn: Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: March 10, 2015                    **FREEBORN & PETERS LLP**

                                          By:    /s/ Devon J. Eggert
                                                   Devon J. Eggert
                                                   FREEBORN & PETERS LLP
                                                   311 South Wacker Drive, Suite 3000
                                                   Chicago, Illinois 60606
                                                   Telephone:  312.360.6000
                                                   Facsimile:   312.360.6520

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al.* | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: March 31, 2015 at 9:30 a.m. |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Devon J. Eggert, an attorney, hereby certify that on March 10, 2015, I caused the attached *Notice of Application* to be served on all parties listed on the creditor matrix in the above-referenced matter, and the *Notice of Application* and the *First and Final Fee Application of Freeborn & Peters LLP as Special Counsel to the Chapter 7 Trustee, and Request for Approval of Limited Notice* to be filed with the Court and served upon the following parties by the manner listed.

/s/ Devon J. Eggert

**Service List**

**CM/ECF Notice List**

Debra Devassy Babu ddevassy@askounisdarcy.com
Sarah Baker sarah.baker@quarles.com
Lauren N. Beslow Lauren.Beslow@quarles.com
Richard A Bixter richard.bixter@hklaw.com
Alexander F. Broughham abrougham@ag-ltd.com
Christopher M. Cahill ccahill@lowis-gellen.com
Kurt M Carlson kcarlson@carlsondash.com
Mark A. Carter mac@ag-ltd.com
Carmen D Caruso cdc@cdcaruso.com
Steven B. Chaiken schaiken@ag-ltd.com
Rosanne Ciambrone rciambrone@duanemorris.com
Christopher Combest christopher.combest@quarles.com
Alex Darcy adarcy@askounisdarcy.com
Michael W. Debre mdebre@askounisdarcy.com
Faith Dolgin faith.dolgin@illinois.gov
Jeremy M. Downs jeremy.downs@goldbergkohn.com
David R. Doyle ddoyle@shawfishman.com

| | |
|---|---|
| Joseph D Frank | jfrank@fgllp.com |
| Arelen N. Gelman | agelman@vedderprice.com |
| Aaron L Hammer | ahammer@sugarfgh.com |
| Roger J. Higgins | rhiggins@rogerhigginslaw.com |
| Stephanie K. Hor-Chen | schen@vedderprice.com |
| Danielle Juhle | danielle.juhle@goldbergkohn.com |
| Jeremy C Kleinman | jkleinman@fgllp.com |
| Gina B. Krol | gkrol@cohenandkrol.com |
| Richard S. Lauter | rlauter@freebornpeters.com |
| Philip V. Martino | Philip.martino@quarles.com |
| L. Katie Mason | kmason@reinhartlaw.com |
| Phillip W. Nelson | pnelson@edwarswildman.com |
| Mark Page | mpage@kelleydrye.com |
| Lars A. Peterson | lapeterson@foley.com |
| Rebecca D. Rosenthal | rdr@ag-ltd.com |
| Nathan Q. Rugg | nqr@ag-ltd.com |
| Brian L. Shaw | bshaw@shawfishman.com |
| David J Simmons | ds@greensfelder.com |
| Roman Sukley | USTRegion11.ES.ECF@usdoj.gov |
| John R Weiss | jrweiss@duanemorris.com |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RWJ MANAGEMENT CO., INC., *et al*. | ) | Case No. 11-34845 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: March 31, 2015 at 9:30 a.m. |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP
AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, AND
REQUEST FOR APPROVAL OF LIMITED NOTICE**

Freeborn & Peters LLP ("*F&P*") as special counsel to Philip V. Martino (the "*Trustee*"), the duly appointed Chapter 7 trustee for the estates of RWJ Management Co., Inc. and its affiliated debtor entities (the "*Debtors*"), submits this application (the "*Final Fee Application*"), for entry of an order: (a) for allowance and final approval of $109,127.50 in compensation for legal services rendered by F&P to the Trustee for the period of May 27, 2014 through March 31, 2015 (the "*Fee Application Period*"), and reimbursement of $3,132.49 for actual and necessary expenses incurred by F&P during the Fee Application Period, and (b) authorizing the Trustee to pay F&P compensation and reimbursement of expenses in the aggregate amount of $112,259.99, representing all unpaid amounts requested herein.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

5

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

### I. General Case Background

3. On August 26, 2011 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"). On August 31, 2011, the Court ordered the joint administration of the cases.

4. On March 27, 2013, the Court appointed the Philip V. Martino as chapter 11 trustee in the Debtors' cases.

5. On May 23, 2014, the Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code.

6. On May 27, 2014, the U.S. Trustee appointed the Trustee as the duly appointed chapter 7 trustee for the Debtors' estates.

### III. F&P's Retention as Special Counsel to the Trustee

7. On April 29, 2014, the Court entered an order (the "*Special Counsel Order*") approving F&P as special counsel to the Chapter 11 trustee relating to the prosecution of certain causes of actions against third parties, effective as of March 24, 2014.

8. Pursuant to the Special Counsel Order, F&P charged for pre-filing investigation of claims against third parties and preparation of avoidance action complaints at its normal hourly rate, less a ten percent (10%) discount (the "*Pre-Filing Services*").

6

9. For prosecution of claims and causes of actions against third parties ("*Prosecution of Claims*"), F&P charged a flat billing rate of $200/hour for all attorneys and paraprofessionals (the "*Hourly Fee*"). In addition, F&P is entitled to fifteen percent (15%) of all recoveries resulting from the filed actions (the "*Contingency Fee*").

10. On July 1, 2014, the Court entered an order (the "*Continuation Order*") which, *inter alia*, approved F&P's retention as special counsel to the Trustee pursuant to the terms set forth in the Special Counsel Order.

11. F&P has previously sought approval and payment of Contingency Fees in the total amount of $59,887.50. *See* ECF Nos. 1117, 1125, 1130 and 1137. F&P has been paid $59,662.50 on account of the Contingency Fees.

12. F&P has not previously sought approval for the Hourly Fees incurred during the Fee Application Period.

13. F&P received a retainer in the amount of $50,000 (the "*Retainer*") in connection with its Prosecution of Claims.

14. On July 15, 2014, this Court entered and Order that, *inter alia,* approved F&P's application for compensation in the amount of $16,542.00 for fees and expenses incurred in connection with acting as special counsel to the chapter 11 trustee. F&P subsequently applied $16,542.00 of the Retainer to the fees and expenses approved as special counsel to the chapter 11 trustee, thus leaving a balance of $33,458.00 in the Retainer.

**RELIEF REQUESTED**

15. This Final Fee Application reflects services rendered, and expenses incurred, by F&P as special counsel to the Trustee from May 27, 2014 through March 31, 2015, the Fee Application Period. This request represents F&P's first and final request for allowance of compensation and reimbursement of expenses for services rendered as special counsel to the

7

Trustee. For the Fee Application Period, F&P seeks final approval and payment of compensation in the amount of $49,240.00 in Hourly Fees, $59,887.50 in Contingency Fees, and reimbursable expenses in the amount of $3,132.49, for a total of $112,259.99. Detailed time entries for the services provided as special counsel to the Trustee are attached hereto as <u>Exhibit A</u>.

16. F&P also seeks approval to apply the balance of the Retainer, totaling $33,458.00, to the Hourly Fees for which it seeks final approval. The Trustee does not object to this request.

## **DISCUSSION**

17. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

18. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work

could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

19. In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

20. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

21. In evaluating the Final Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the

results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases.  *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

22. No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with these cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

23. F&P reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

## SERVICES PERFORMED

24. This Final Fee Application sets forth in detail the work performed by F&P as special counsel to the Trustee.

25. For Prosecution of Claims, the Special Counsel Order provides that F&P shall charge a flat billing rate of $200/hour for all attorneys and paraprofessionals.  F&P spent 246.2 hours at a cost of $49,240.00 for Prosecution of Claims, including reviewing defenses submitted by defendants, negotiating with defendants, contesting RWJ Enterprises, Inc.'s motion to dismiss, attending mediation in the adversary proceeding against RWJ Enterprises, Inc., drafting proposed settlement agreements, and attending hearings on the status of the adversary cases. Consequently, F&P requests payment for Hourly Fee services rendered on account of Prosecution of Claims in the amount of $49,240.00.  A summary of the compensation requested herein on behalf of the Trustee for the Hourly Fees incurred for Prosecution of Claims is set forth below:

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Eggert, Devon J. | Associate | 2006 | $200 | 88.8 | $17,760.00 |
| Fawkes, Thomas R. | Partner | 2002 | $200 | 0.4 | $80.00 |
| Hazdra, Jacqueline E. | Paralegal | N/A | $200 | 30.1 | $6,020.00 |
| Isenberg, Shira R. | Senior Counsel | 2004 | $200 | 0.2 | $40.00 |
| Janczak, Elizabeth L. | Associate | 2010 | $200 | 94.6 | $18,920.00 |
| Lauter, Richard S. | Partner | 1982 | $200 | 25.3 | $5,060.00 |
| Schiller, Alex K. | Litigation Technology Analyst | N/A | $200 | 3.5 | $700.00 |
| Sheldon, Kathryn C. | Paralegal | N/A | $200 | 1.8 | $360.00 |
| Stadel, Eric H. | Litigation Technology Analyst | N/A | $200 | 1.0 | $200.00 |
| Swano, Amy L. | Litigation Technology Analyst | N/A | $200 | 0.5 | $100.00 |
| | | | **TOTALS:** | **246.2** | **$49,240.00** |

26.    In addition, F&P is entitled to fifteen percent (15%) of all recoveries resulting from the filed actions. F&P has resolved all filed adversary proceedings and reached settlements with defendants totaling $399,250.00 as follows:

- Louise Berezny: $85,000;
- Core-Mark Holding Company, Inc.: $7,500;
- Kozol Brothers, Inc.: $1,000;
- Hayes Beer Distributing Company: $3,000;
- RWJ Enterprises, Inc.: $300,000;
- Superior Beverage, Inc.: $1,500; and
- Frito-Lay, Inc.: $1,500.

27.    The Court previously approved each of these settlements, *see* ECF Nos. 1117, 1125, 1130 and 1137, and the resulting F&P Contingency Fees on an interim basis, which totaled $59,887.50 (calculated as $399,250.00 * 15%).

28.     In sum, F&P requests allowance and final approval of compensation totaling $109,127.50, representing $49,240.00 in Hourly Fees and $59,887.50 in Contingency Fees.

**REASONABLE EXPENSES INCURRED**

29.     F&P seeks final approval of reimbursable expenses in the amount of $3,132.49. F&P incurred expenses during the Fee Application Period in the following categories:

(a)     <u>Teleconferencing Expenses</u>:  F&P incurred expenses in the amount of $3.65 for teleconferencing fees.  F&P conducts certain meetings by telephone, rather than in person, due to the geographic location of the certain persons and the high cost and inconvenience associated with in-person meetings.  F&P uses an outside teleconferencing provider in order to efficiently conduct teleconferences.

(b)     <u>Photocopying</u>:  F&P incurred copying and printing charges in the amount of $1,723.60, relating to, *inter alia*, service of the motion to approve settlements with certain adversary defendants.  F&P charges clients $0.10 per copy and maintains a record of in-house copies made through a computerized system.  This procedure requires an operator to key in a client's code number on a keypad attached to the copier.  For large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred.  No such outside copying service was used in this case.

(c)     <u>Postage</u>: F&P incurred postage costs totaling $529.83 in connection with service of the motion to approve settlements with certain adversary defendants.

(d)     <u>Miscellaneous Expenses</u>:     F&P incurred additional miscellaneous expenses (such as transcript fees for proceedings before the court, fees for service of subpoenas, FedEx charges, and fees for local messenger service) in the amount of $875.41.

30. All expenses incurred by F&P in connection with its representation of the Trustee were ordinary and necessary expenses. These expenses were billed in the same manner as F&P bills non-bankruptcy clients.

31. F&P does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions. Such expenses are factored into F&P's hourly rates. F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## **BENEFIT TO THE ESTATES**

32. During the Fee Application Period, F&P assisted the Trustee in prosecuting avoidance actions in order to maximize the value of the Debtors' estates for the benefit of creditors, which resulted in recoveries totaling $399,250.00 and waiver of certain claims against the Debtors' estates. F&P submits that its services on behalf of the Trustee provided a substantial benefit to the Debtors' estates.

## **NOTICE**

33. F&P will serve notice of this Final Fee Application on counsel for the Debtors, the U.S. Trustee, the Trustee, and all parties that have requested notice in these cases. Bankruptcy Rule 2002(a)(6) requires twenty-one days' notice of applications for compensation to all creditors. F&P believes that substantially all parties that have been actively involved in these cases are represented by counsel that will receive electronic notice of this Final Fee Application. Based upon the foregoing and the costs associated with serving all creditors, F&P submits that the notice provided is sufficient under the circumstances, and thus requests that the Court approve the limited notice given for this Final Fee Application.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a) allowing F&P, on a final basis, $49,240.00 in compensation representing the Hourly Fees for the Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing F&P, on a final basis, $59,887.50 in compensation representing the Contingency Fees for the Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) allowing F&P, on a final basis, $3,132.49 in reimbursable expenses for the Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(d) authorizing payment to F&P of $52,372.49, representing all unpaid amounts requested herein for the Fee Application Period;

    (e)    authorizing F&P to apply the remaining Retainer, totaling $33,458.00, to the unpaid amounts requested herein;

    (f)    approving limited notice of this Final Fee Application; and

    (g)    granting such other and further relief as the Court deems just and proper.

Dated: March 10, 2015

**FREEBORN & PETERS LLP**

By: /s/ Devon J. Eggert
One of Its Attorneys

Richard S. Lauter (No. 6182859)
Devon J. Eggert (No. 6289425)
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6995
rlauter@freeborn.com
deggert@freeborn.com

*Special Counsel to the Chapter 7 Trustee*